Steven B. Andersen, ISB # 2618
**KIRTON AND MCCONKIE**
999 W. Main Street, Ste. 100
Boise, Idaho 83702
Telephone: (208) 370-3325
E-mail: sandersen@kmclaw.com

Thomas C. Perry, ISB # 7203
**J.R. SIMPLOT COMPANY**
1099 W. Front Street
Boise, Idaho 83707
Telephone: (208) 780-7430
E-mail: thomas.perry@simplot.com

Stephen J. Odell, OSB # 903530 (Application for Admission *Pro Hac Vice* pending)
**MARTEN LAW, PLLC**
1050 SW Sixth Ave., Ste. 2150
Portland, Oregon 97204
Telephone: (503) 241-2648
E-mail: sodell@martenlaw.com

*Attorneys for Applicant for Intervention J.R. Simplot Company*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION, | Case No.:  20-cv-00553-BLW |
| Plaintiff, | **APPLICANT J.R. SIMPLOT COMPANY'S [PROPOSED] ANSWER IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AS OF RIGHT OR, IN THE ALTERNATIVE, BY PERMISSION OF THE COURT** |
| CASEY HAMMOND, Principal Deputy Assistant Secretary for Land and Minerals Management; UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF OF LAND MANAGEMENT, | |
| Defendants. | |
| and | |
| J.R. SIMPLOT COMPANY | |
| Applicant for Intervention. | |

In accordance with Federal Rule of Civil Procedure 24(c) and in support of its motion to

intervene, Applicant-for-Intervention J.R. Simplot Company ("Simplot" or "Company") hereby

respectfully submits this proposed Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") (Dkt. #1) that Plaintiff Shoshone-Bannock Tribes of the Fort Hall Reservation ("Tribes") filed in the above-captioned action.  The numbered paragraphs in this proposed Answer correspond to the numbered paragraphs of the Complaint.

1. The allegations in the first sentence of Paragraph 1 of the Complaint consist of a characterization of the Tribes' case to which no response is required.  Simplot admits the allegations in the second, fourth, and fifth sentence of Paragraph 1, except to clarify that the federal lands involved in the Blackrock Land Exchange Defendants approved in August 2020 and of which the Tribes seek review in this case ("2020 Exchange") are not on Howard Mountain per se, but rather near the northern limit of the Bannock Range in the general area of the mountain.  Simplot denies the allegations in the third sentence of the paragraph, and avers that the lands involved in the 2020 Exchange are described with particularity in the Record of Decision "(ROD") attached as Exhibit A to the Complaint, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies all such allegations insofar as they are inconsistent with that content.

2. The allegations in of Paragraph 2 of the Complaint consist of a characterization of the Tribes' case to which no response is required.

3. Simplot admits the allegations in the first sentence of Paragraph 3 of the Complaint subject to the clarification about the location of "the lands" involved in the 2020 Exchange are described with particularity in the ROD attached as Exhibit A to the Complaint, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies all such allegations insofar as they are inconsistent with that content.  With respect to the allegations in second and third sentences of Paragraph 3, Simplot avers that the referenced Treaty and statute that such

allegations purport to describe or characterize speak for themselves and are the best evidence of their contents, and therefore such allegations require no response.  The allegations in the fourth, fifth, and sixth sentences of the paragraph comprise legal conclusions to which no response is required and, moreover, Simplot avers that the referenced Final Environmental Impact Statement ("FEIS") Defendant Bureau of Land Management ("BLM") properly prepared for the 2020 Exchange that such allegations purport to describe or characterize speaks for itself and is the best evidence of its contents; insofar as a response to such allegations may be found to be required, Simplot denies them.

4.   The allegations in the first sentence of Paragraph 4 of the Complaint consist of a characterization of the Tribes' case to which no response is required.  The allegations in the second sentence of Paragraph 4 comprise legal conclusions to which no response is required.

5.   Simplot admits the allegations in the first sentence of Paragraph 5 of the Complaint. The allegations in the second and third sentences of Paragraph 5 comprise legal conclusions to which no response is required.  The allegations in the fourth and fifth sentences of the paragraph consist of further characterizations of the Tribes' case to which no response is required and, insofar a response may be found to be required, Simplot denies such allegations.

6.   Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and fourth sentence of Paragraph 6 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations. Simplot admits the allegations in the third sentence of Paragraph 6.  The allegations in the fifth sentence of the paragraph consist of a characterization of the Tribes' case to which no response is required.

7.  Simplot admits the allegations in the first sentence of Paragraph 7 of the Complaint. The allegations in the second and third sentences of Paragraph 7 comprise legal conclusions to which no response is required.

8.  Simplot admits the allegations in Paragraph 8 of the Complaint.

9.  The allegations in Paragraph 9 of the Complaint comprise legal conclusions to which no response is required.

10.  The allegations in Paragraph 10 of the Complaint comprise legal conclusions to which no response is required.

11. The allegations in the first sentence of Paragraph 11 of the Complaint comprise legal conclusions to which no response is required.  Simplot admits the allegations in the second and third sentences of Paragraph 11.  With respect to the allegations in the fourth and fifth sentences of the paragraph purporting to describe the lands subject to the 2020 Exchange, the respective locations and jurisdictions of those lands are described with particularity in the ROD attached as Exhibit A to the Complaint, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies all such allegations insofar as they are inconsistent with that content.

12.  In response to Paragraph 12 of the Complaint, Simplot restates and incorporates by reference its responses to all preceding paragraphs.

13.  Simplot admits the allegations in Paragraph 13 of the Complaint.

14.  The allegations in the first, second, and third sentences of Paragraph 14 of the Complaint apparently purport to represent the findings of a site inspection that Ecology & Environment conducted on behalf of the U.S. Environmental Protection Agency ("EPA") in 1987 to assess the extent of possible ground water contamination downgradient of Simplot's Don Plant and the neighboring and now-demolished FMC phosphate plant, to which no response is

required as such findings speak for themselves and are the best evidence of their contents. Simplot admits the allegations in the remaining (fourth through eighth) sentences of Paragraph 14.

15.   Simplot denies the allegations in the first sentence of Paragraph 15 of the Complaint, in part because such allegations are so vague, conclusory, and/or subjective that no short and plain response as prescribed by the federal rules is possible.  With respect to the allegations in the second and third sentences of Paragraph 15, the document(s) in which EPA designated the Eastern Michaud Flats ("EMF") site pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and set forth the underlying facts on which it relied to make that designation speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations insofar as they may be inconsistent with that content.

16.   Simplot admits the allegations in Paragraph 16 of the Complaint except insofar as it seeks to characterize the purposes for which Simplot made its initial land exchange proposal to BLM.

17.   Simplot admits the allegations in Paragraph 17 of the Complaint.

18.   The allegations in Paragraph 18 of the Complaint purport to describe or characterize the referenced letters and administrative documents issued by BLM in regard to the 2007 version ("2007 Exchange") of the Blackrock Land Exchange, all of which speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with any such contents.

19.   Simplot admits the first sentence of Paragraph 19 of the Complaint. With regard to the allegations in the second sentence of Paragraph 19, Simplot lacks information or knowledge

sufficient to form a belief as to the truth or falsity of these allegations which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

20.   The allegations in Paragraph 20 of the Complaint purport to describe or characterize the referenced documents filed or issued in connection with the administrative appeal the Tribes pursued to challenge BLM's 2007 Exchange decision, all of which speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with any such contents.

21.   The allegations in the first sentence of Paragraph 21 of the Complaint purport to describe the cited opinion of this Court, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.   Simplot denies the allegations in the second sentence of Paragraph 21 on the grounds that the 2020 Exchange differs in several important respects from the 2007 Exchange, as described in the ROD, FEIS, and Simplot's moving papers seeking intervention in this case.

22.   Simplot admits the allegations in Paragraph 22 of the Complaint.

23.   With respect to the allegations in the first two sentences of Paragraph 23 of the Complaint, Simplot admits that it engaged the Idaho delegation to the U.S. Congress to inquire about the prospects for legislation to facilitate a land exchange and to serve as a catalyst for and facilitate discussions with the Tribes, but denies the characterization and purported motivations of Simplot and the Idaho delegation underlying such efforts proffered in such allegations. Simplot would aver further that congressionally prescribed land exchanges are not uncommon or improper, and can take on many different forms.   *See* Congressional Research Service, "Land Exchanges: Bureau of Land Management (BLM) Process and Issues," Rpt. R41509 at 9 (Nov. 7, 2016).   With respect to the allegations in the third sentence of Paragraph 23, Simplot admits that,

following meetings with the Tribes and the Idaho delegation, such legislation was never referred to the relevant committee or enacted by the U.S. Congress. Simplot avers that it ultimately acceded to the Tribes' request to analyze the land exchange through the NEPA process with an EIS, and that legislative efforts terminated around that time.

24.  Simplot admits the allegations in the first, second, and sixth sentences of Paragraph 24 of the Complaint.  Except to admit that BLM and the Tribes engaged in extensive government-to-government consultations in regard to the 2020 Exchange, the allegations in the third, fourth, fifth, and seventh sentences of Paragraph 24 purport to describe records that will be part of Federal Defendants' administrative record in regard to the 2020 Exchange, all of which speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with any such contents.

25.  The allegations in Paragraph 25 of the Complaint purport to describe or characterize the contents of the ROD approving the 2020 Exchange, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with any such contents.

26.  Simplot admits the allegations in the first sentence in Paragraph 26 of the Complaint except for the number of acres of federal lands involved in the 2020 Exchange, which are approximately 714, not 719, as alleged.  The allegations in the second and third sentences of Paragraph 26 comprise legal conclusions to which no response is required.

27.  Simplot admits the allegations in Paragraph 27 of the Complaint, but avers further in response that such allegations are incomplete and that the full complement of private lands Simplot has offered as part of the 2020 Exchange also includes a 160-acre voluntary mitigation Parcel A, as described more specifically in the ROD attached as Exhibit A to the Complaint,

which is the best evidence of its contents, and therefore Simplot denies all such allegations insofar as they are inconsistent with that content.

28.  The allegations in Paragraph 28 of the Complaint consist of a characterization of the Tribes' claims and legal conclusions, to which no response is required and, to the extent any such response may be required, Simplot denies such allegations.

29.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first, third, and fourth sentences of Paragraph 29 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations, and admits the allegations in the second sentence of the paragraph.

30.  With respect to the allegations in the first sentence of Paragraph 30 of the Complaint, Simplot admits that certain contaminants reach the Portneuf River via groundwater, but also avers in response that there has been a significant reduction in phosphorous concentrations in the river within the vicinity of the Don Plant of some 85 percent over the past thirteen (13) years due in large measure to remedial actions Simplot has implemented.  With respect to the remainder of the allegations in the first sentence of Paragraph 30, Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the sentence's allegations, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of such allegations. Simplot denies the allegations in the second sentence of the paragraph.

31.  Simplot denies the allegations in the first two sentences of Paragraph 31 of the Complaint, and further avers in response that it has invested some $50 million to install a liner in its existing gypstack at the Don Plant following a rigorous review and approval process by the Idaho Department of Environmental Quality ("IDEQ") and EPA.  Simplot further avers in response to such allegations that it has operated a groundwater extraction system that removes

impacted groundwater for re-use within its manufacturing processes and has also made several additional capital infrastructure improvements over the past decade to control releases at source areas, all of which has resulted in marked improvement in Simplot's ability to capture and control the potential migration of contaminants into groundwater. Simplot admits the allegations in the third sentence of Paragraph 31.  The allegations in the fourth sentence of the paragraph (including its bulleted sub-parts) purport to describe the referenced administrative document, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

32.  The allegations in Paragraph 32 of the Complaint consist of a characterization of the Tribes' claims and legal conclusions, to which no response is required; to the extent any such response may be required, Simplot denies such allegations.

33.  The allegations in the first sentence of Paragraph 33 of the Complaint consist of a characterization of the Tribes' claims and legal conclusions to which no response is required, and to the extent a response may be required, Simplot denies the allegations.  With respect to the allegations in the second and third sentences of Paragraph 33, the EMF ROD speaks for itself and is the best evidence of its contents and therefore, Simplot denies such allegations to the extent they are inconsistent with such contents.  Simplot also further avers in response to such allegations that both fluoride and particulate matter emissions are projected to decrease as a result of the construction of cooling ponds Simplot intends to construct to replace the cooling towers currently in use at the Don Plant so as to remove the heat load from its phosphoric acid operations.  The allegations in the fourth sentence of the paragraph consist of a characterization of the Tribes' claims and legal conclusions, to which no response is required and, to the extent any such response may be required, Simplot denies such allegations.  Simplot denies the

allegations in the fifth and sixth sentences of the paragraph, and further avers in response that the 2020 Exchange will actually allow for a reduction in airborne emissions, including fluoride and particulate matter, and enhance the ability of Simplot to more expeditiously achieve compliance with the 2015/2016 Consent Order into which it entered with IDEQ that requires it to reduce exceedances of forage standards for fluoride.

34.   Simplot denies the allegations in the first sentence of Paragraph 34 of the Complaint and further avers in response that, as recently as 2018, for example, actual emissions from Don Plant stationary sources was less than half of the permit emission limit.  With respect to the allegations in the second sentence of Paragraph 34, Simplot admits such allegations only to the extent that annual fluoride in forage standards have been exceeded in certain areas surrounding the Plant, but denies the remainder of such allegations and further avers in response that such exceedances were the basis for its 2015/2016 Consent Order with IDEQ under which it is required to reduce fluoride emissions, a requirement with which it will be able to comply as a result of its acquisition of federal lands pursuant to the 2020 Exchange.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of the paragraph which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

35.   The allegations in Paragraph 35 of the Complaint comprise legal conclusions and a characterization of the Tribes' case, to which no response is required and, to the extent that any response may be required, Simplot denies all such allegations.  The Company further avers in response that sampling in the vicinity has not shown elevated levels of any radionuclides above background levels, legal standards, or any human or ecological risk levels in soil, fauna, or water in the surrounding area. With more particular respect to the allegations in the second sentence of

Paragraph 35, Simplot also avers that there are currently approximately 1170 sites on EPA's National Priority List.

36.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

37.  With respect to the allegations in the first, second, third, and fourth sentences of Paragraph 37 of the Complaint, the referenced Executive Order, Treaty, and Cession agreements speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of Paragraph 37 which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

38.  With respect to the allegations in Paragraph 38 of the Complaint, the referenced statute speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

39.  The allegations in Paragraph 39 of the Complaint comprise legal conclusions to which no response is required; in addition, more specifically, the allegations in the second, third, and fourth sentences of Paragraph 39 purport to describe or characterize the cited judicial opinions, each of which speaks for itself and is the best evidence of its contents, and therefore, Simplot denies such allegations to the extent they are inconsistent with such contents.

40.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of Paragraph 40 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations. The

allegations in the fourth and fifth sentences of Paragraph 40 comprise legal conclusions to which no response is required and, to the extent any response may be required, Simplot denies such allegations.

41.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 41 of the Complaint, which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.  Simplot admits the allegations in the second sentence of Paragraph 41.  The Company denies the allegations in the third sentence of the paragraph and further avers in response that, as a part of its decision to approve the 2020 Exchange, BLM prescribed that a restrictive covenant that has now been recorded with the deed be included in the title to the federal lands to protect a cultural site eligible for National Register of Historical Places ("NRHP") designation about which the Tribes had expressed concern during the NEPA process.

42.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

43.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 43 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations. Simplot denies the allegations in the second sentence of Paragraph 43, in part because such allegations are so vague, conclusory, and/or subjective that no short and plain response as prescribed by rule is possible.

44.   Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

45.   With respect to the allegations in the first sentence of Paragraph 45 of the Complaint, the referenced cultural resources inventory speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second through seventh sentences of Paragraph 45 which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.  The allegations in the eighth sentence of Paragraph 45 comprise legal conclusions to which no response is required.

46.   Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first two sentences of Paragraph 46 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.  With respect to the allegations in the third sentence of Paragraph 46, Simplot admits insofar that the transfer of the federal lands involved in the 2020 Exchange to private ownership would remove federal management responsibility from such lands, but avers further in response that cultural resource inventories were undertaken on all of the federal parcels involved in the 2020 Exchange and that the NHRP-eligible site SB-02-HL on the federal lands involved in the 2020 Exchange is protected by a restrictive covenant included in the documentation by which Simplot holds title.

47.   Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

48.  With respect to the allegations in Paragraph 48 of the Complaint, Simplot admits that the cited quotation from a member of the Tribes appears in the comments the Tribes submitted on the FEIS.

49.   The allegations in Paragraph 49 of the Complaint comprise legal conclusions to which no response is required, but Simplot would nevertheless aver in response that the 2020 Exchange will actually result in a net gain of 113 acres of lands available for the exercise of the Tribes' off-reservation Treaty rights, as well as an additional approximately 950 acres of lands within the boundaries of the Fort Hall Reservation that Simplot has in connection with the exchange offered to arrange for donation to the Bureau of Indian Affairs, or directly to the Tribes provided certain conditions are met.

50.  The allegations in the first and fourth sentences of Paragraph 50 of the Complaint comprise legal conclusions to which no response is required.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 50 which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations, and admits the allegations in the third sentence of the paragraph. The allegations in the fifth sentence of the paragraph consist of a characterization of the Tribes' case, to which no response is required and, to the extent any such response may be required, Simplot denies such allegations.

51.  With respect to the allegations in the first sentence of Paragraph 51 of the Complaint, the referenced Treaty speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  The allegations in the second sentence of Paragraph 51 consist of a characterization of the Tribes'

claims and legal conclusions, to which no response is required and, to the extent any such response may be required, Simplot denies such allegations.

52.   Simplot denies the allegations in the first sentence of Paragraph 52 of the Complaint and avers further in response that the 2020 Exchange ROD identifies numerous public benefits associated with the exchange.  The allegations in the second, third, and fourth sentences of Paragraph 52 consist of a characterization of the Tribes' case, to which no response is required and, to the extent any such response may be required, Simplot denies such allegations. The Company further  avers in response that it has engaged in extensive remediation at the Don Plant, including the installation of a $50 million liner for its existing gypstack, all of which the copious monitoring data gathered at and near the plant show has resulted in substantially improved environmental conditions in the area, including in the Portneuf River that runs through the Fort Hall Reservation, as well as essentially no current measurable documented contamination at the Fort Hall Bottoms Area.

53.   Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations, but would nevertheless aver in response that Alliance Title in Pocatello, Idaho, has provided a title insurance policy for the non-federal lands involved in the 2020 Exchange and found no questions or concerns relating to Simplot's previous ownership of or title to such lands.

54.   Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations, but would nevertheless aver in response that the referenced 38.38-acre parcel is not a part of parcel R4015002401 and is also

not part of the 2020 Exchange.  Simplot further avers in response to such allegations that the 1978 warranty deed from Simplot to the federal government conveyed Lot 1 (NWNW), NENW, and NWNE.  This 1978 warranty deed did not convey parcel R4015002401, which is the NENE, and Simplot retained title to that parcel which was included in the 2020 Exchange.

55.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations, but would nevertheless aver in response that there are three (3) patents on file under patent numbers 785717, 785718, and 785719 that conveyed the entirety of parcel R4013009700 out of the federal domain.

56.  With respect to the allegations in the first and third sentences of Paragraph 56 of the Complaint, Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of these allegations which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations, but would nevertheless incorporate by reference its averments identifying the inaccuracies reflected in such allegations in Paragraphs 53-55, above.  The allegations in the second, fourth, and fifth sentences of Paragraph 56 comprise legal conclusions and/or a statement of the relief the Tribes seek, to which no response is required and, to the extent any such response may be required, Simplot denies such allegations.

57.  The allegations in the first and fifth sentences of Paragraph 57 of the Complaint comprise legal conclusions, to which no response is required.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 57 which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.  With respect to the allegations in the third and fourth sentences of the paragraph, the referenced notice that such allegations purport to describe or characterize

Page 16 - APPLICANT J.R. SIMPLOT CO.'S [PROPOSED] ANSWER IN INTERVENTION

speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents, and would aver further in response that the Amended Verified Complaint the Tribes filed on October 5, 2018, in the cited pending case does not identity or describe any portion of the Federal lands involved in the 2020 Exchange.  Simplot admits the allegations in the sixth sentence of the paragraph.

58.  With respect to the allegations in the first sentence of Paragraph 58 of the Complaint, the referenced executive order and guidelines that such allegations purport to describe or characterize speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  Simplot admits the allegations in the second sentence of Paragraph 58.  The allegations in the third and fifth sentences of the paragraph comprise legal conclusions, to which no response is required, and Simplot would aver further in response that it has been employing and will continue to implement numerous and significant mitigation and remediation measures at the EMF site. Simplot denies the allegations in the fourth sentence of the paragraph.

59.  With respect to the allegations in the first sentence of Paragraph 59 of the Complaint, Simplot admits that the Don Plant is located within the EMF Site that is on the NPL, but denies the remainder of all such allegations. The allegations in the second, fourth, fifth, and sixth sentences of Paragraph 59 comprise legal conclusions, to which no response is required, and to the extent one may be required, such allegations purport to describe or characterize the FEIS, which speaks for itself and is the best evidence of its content and therefore, Simplot denies these allegations to the extent they are inconsistent with that content.  Simplot denies the allegations in the third sentence of the paragraph and avers further in response that the 2020 Exchange will enhance its ability to meet its environmental obligations at the Don Plant.

60.  The allegations in Paragraph 60 of the Complaint consist of a characterization of the Tribes' case, to which no response is required.

61.  The allegations in the subheading to Paragraph 61 of the Complaint consist of a characterization of the Tribes' case, to which no response is required.  Simplot admits the allegations in the first sentence of Paragraph 61 only to the extent that the Simplot Operable Unit has had impacts on ground and surface water resources associated with the Portneuf River in close proximity to the Don Plant, but would deny the remainder of the allegations in the first sentence.  Simplot avers further in response to the allegations in the paragraph's first sentence that the evidence demonstrates that no impacted groundwater from the Don Plant enters groundwater in the Fort Hall Reservation and that all impacts to groundwater and surface water resources from operation of the plant are on a markedly downward trajectory, with phosphorus concentrations in the Portneuf River decreasing on the order of 80 percent or more over the course of the last decade. The Company is continuing to work with both EPA and IDEQ to implement required actions that will continue to improve water quality in the area.  Simplot denies the allegations in the second and fifth sentences of Paragraph 61.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of the paragraph which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.  The allegations in the fourth sentence of the paragraph comprise legal conclusions, to which no response is required.  With respect to the allegations in the sixth sentence of the paragraph, including each of its bulleted sub-parts, the referenced report that such allegations purports to describe or characterize speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

62.  With respect to the allegations in the first sentence of Paragraph 62 of the Complaint, Simplot admits insofar as it installed a $50 million liner on its existing gypstack at the Don Plant, has engaged in years of ongoing upkeep and maintenance at the plant, replaced numerous leaking sumps and pipes, and continues to operate a series of extraction wells to remove contaminated water from the aquifer, but denies the remainder of such allegations insofar as phosphorus loads in the Portneuf River have also shown a pronounced declining trend since 2008.  Simplot denies the allegations in the second sentence of Paragraph 62 and avers further in response that the marginal additional increases in groundwater impacts from the RFAs it plans to undertake on the federal lands involved in the 2020 Exchange are projected to be effectively immeasurable and therefore, particularly when evaluated in the larger context of the current long-standing downward trajectory of such impacts from ongoing operations at the Don Plant, cannot reasonably be said to constitute increased "contamination."

63.  The allegations in the subheading to Paragraph 63 of the Complaint consist of a characterization of the Tribes' case, to which no response is required.  With respect to the allegations in the second sentence of Paragraph 63, the referenced FEIS speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  Simplot would further aver in response to such allegations that the 2020 Exchange will have the effect of moving the expanded gypstack and cooling ponds further away from the Fort Hall Reservation than would have been the case under the Proposed Action, in large measure in response to the Tribes' NEPA comments, and also serve to bring about a substantial overall reduction in fluoride and particulate emissions.

64.  The allegations in the first sentence of Paragraph 64 of the Complaint consist of a characterization of the Tribes' case, to which no response is required.  Simplot denies the

allegations in the second sentence of Paragraph 64, in part because such allegations are so vague, conclusory, and/or subjective that no short and plain response as prescribed by rule is possible. With respect to the allegations in the third sentence of the paragraph, Simplot admits only to the extent that exceedance of the fluoride forage standard has occurred at certain locations, as described in its response to the allegations in Paragraph 34, above.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth, fifth, and sixth sentences of the paragraph which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

65.  The allegations in the first sentence of Paragraph 65 of the Complaint comprise legal conclusions, to which no response is required.  The allegations in the second sentence of Paragraph 65 consist of a characterization of the relief the Tribes are seeking in the case, to which no response is required.  Simplot admits the allegations in the third, fourth, and fifth sentences of the paragraph insofar as all of the referenced effects are fully disclosed in the FEIS and are consistent with its contents, and avers further in response that the FEIS also projected that the effects of the RFAs Simplot plans to undertake on the federal lands involved in the 2020 Exchange, in combination with those from other sources in the region, would not contribute to exceedances of any applicable regulatory thresholds.

66.  The allegations in the subheading to Paragraph 66 of the Complaint consist of a characterization of the Tribes' case, to which no response is required.  The allegations in the body of Paragraph 66 purport to characterize or describe visual resource effects and the nature and location of the federal lands involved in the 2020 Exchange as disclosed in the FEIS, which speaks for itself and is the best evidence of its contents, and therefore, Simplot denies all such allegations to the extent they are inconsistent with those contents.  The Company avers further in

response to such allegations that the RFAs that Simplot plans to undertake on the federal lands involved in the 2020 Exchange are similar in appearance to adjacent facilities.

67.  The allegations in the subheading to Paragraph 67 of the Complaint consist of a characterization of the Tribes' case, to which no response is required.  With respect to the allegations in all three sentences of the body of Paragraph 67, the referenced FEIS and statute speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

68.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

69.  With respect to the allegations in the first sentence of Paragraph 69 of the Complaint, the referenced statute speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents. The allegations in the second and third sentences of Paragraph 69 comprise legal conclusions, to which no response is required.

70.  The allegations in the subheading to Paragraph 70 of the Complaint consist of a characterization of the Tribes' case, to which no response is required. With respect to the allegations in the first sentence of Paragraph 70, the referenced regulation speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents. The allegations in the second, third, and fourth sentences of Paragraph 70 consist of legal conclusions and/or a characterization of the Tribes' claims or relief the Tribes seek in this case, to which no response is required.

71.  The allegations in the subheading to Paragraph 71 of the Complaint consist of a characterization of the Tribes' case, to which no response is required. With respect to the allegations in the first and second sentences of Paragraph 71, the referenced FEIS speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents. Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of the paragraph which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

72.  The allegations in the subheading to Paragraph 72 of the Complaint consist of a characterization of the Tribes' case, to which no response is required.  With respect to the allegations in the first through fourth sentences of Paragraph 72, Simplot admits to the extent that EPA sent the referenced letter attached as Exhibit G to the Complaint, but avers further in response that all remaining allegations either comprise legal conclusions to which no response is required, or purport to describe or characterize the letter, which speaks for itself and is the best evidence of its content, and therefore Simplot denies all such remaining allegations insofar as they are inconsistent with that content.  With respect to the allegations in the fifth and sixth sentences of the paragraph, the referenced FEIS speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents; moreover, insofar as such allegations comprise legal conclusions, no response is required.  Simplot denies the allegations in the seventh sentence of the paragraph and avers in response that the Idaho Legislature recently enacted a statute establishing design and construction standards for gypstacks and gypstack systems, and that the provision cited in support of the Tribes' contrary allegations states that phosphogypsym and process wastewater

are exempt from Subtitle C of the federal Resource Conservation and Recovery Act, not state law. Simplot also denies the allegations in the eighth sentence of the paragraph and avers further in response that the new or expanded gypstack it plans to construct on the acquired federal lands will also be subject to State of Idaho air quality regulations and, as such, it would have to undergo an air quality review pursuant to state standards, a process that requires opportunities for public comment, and secure any necessary air quality approvals.  Simplot also avers in response to the allegations in the paragraph's eighth sentence that the recently enacted Idaho statute, existing agreements with EPA and IDEQ require extensive studies, agency review and approvals for any new or expanded phosphogyspum stack.

73.  The allegations in the subheading to Paragraph 73 of the Complaint consist of a characterization of the Tribes' case, to which no response is required.  Simplot admits the allegations in the first sentence of Paragraph 73.  Simplot denies the allegations in the second sentence of the paragraph in part on the ground that such allegations are so vague, conclusory, and/or subjective that no short and plain response as prescribed by rule is possible, except to admit that a portion of the EMF Site not within the Simplot Operating Unit lies within the exterior boundaries of the Fort Hall Reservation.  The allegations in the third, fourth, and fifth sentences of Paragraph 73 consist of legal conclusions and/or a characterization of the Tribes' claims in this case, to which no response is required.

74.  The subheading to Paragraph 74 of the Complaint consists of a characterization of an element of the Tribes' case, to which no response is required.  Simplot denies the allegations in the first sentence of Paragraph 74.  The allegations in the second and fourth sentences of the paragraph consist of legal conclusions and/or a characterization of the Tribes' claims in this case, to which no response is required and, to the extent a response may be required, Simplot denies

such allegations.  With respect to the allegations in the third sentence of the paragraph, Simplot admits that the RFAs it plans to undertake on the federal lands acquired pursuant to the 2020 Exchange may incrementally increase the levels of certain contaminants in the Portneuf River and groundwater in close proximity to the Don Plant, but aver further in response that any such increases are projected to be de minimis and effectively immeasurable, and that air quality is actually projected to improve in particular with respect to fluoride and particulate matter emissions, and denies the remainder of all such allegations.

75.  The subheading to Paragraph 75 of the Complaint consists of a characterization of an element of the Tribes' case, to which no response is required.  The allegations in the first sentence of Paragraph 75 consist of legal conclusions, to which no response is required.  With respect to the allegations in the second sentence of the paragraph, the referenced FEIS speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

76.  The subheading to Paragraph 76 of the Complaint consists of a characterization of an element of the Tribes' case, to which no response is required.  Simplot denies the allegations in Paragraph 76 and avers in response that, although the non-federal lands involved in the 2020 Exchange used to contain an unauthorized shooting range discovered in 1996, Simplot created a permanent soil cover that same year over the area that had been contaminated by lead and also moved the drainage course of the soil cover to prevent future flows from eroding the fill, on the basis of which it received an IDEQ Concurrence Letter for Lead Cleanup in 1997.

77.  The subheading to Paragraph 77 of the Complaint and the second sentence of the paragraph consist of characterizations of the Tribes' claims, to which no response is required. With respect to the allegations in the first sentence of Paragraph 77, the referenced FEIS speaks

for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

78. The subheading to Paragraph 78 of the Complaint consists of a characterization of an element of the Tribes' case, to which no response is required. The allegations in all five sentences of the body of Paragraph 78 comprise legal conclusions and/or characterizations of Plaintiffs' claims, to which no response is required; moreover, the cited statutory provisions speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

79. The subheading to Paragraph 79 of the Complaint consists of a characterization of an element of the Tribes' case, to which no response is required. The first and second sentences of Paragraph 79 consists of an element of the Tribes' case, to which no response is required, and aver further in response that the existing gypstack at the Don Plant does not comprise suitable wildlife habitat. Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of the paragraph which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations. Simplot denies the allegations in the fourth sentence of the paragraph. The fifth, sixth, and seventh sentences of the paragraph consist of characterizations of the Tribes' claims, to which no response is required, and to the extent any response may be is required, Simplot denies all such allegations.

80. The subheading to Paragraph 80 of the Complaint consists of a characterization of an element of the Tribes' case, to which no response is required. With respect to the allegations in the first, fourth, fifth, sixth, and seventh sentences of Paragraph 80, the referenced FEIS speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents. The second, eighth, and ninth sentences of

the paragraph consist of characterizations of the Tribes' claims or the relief they are seeking in this case, to which no response is required.  Simplot denies the allegations in the third sentence of the paragraph, in part because such allegations are so vague, conclusory, and/or subjective that no short and plain response as prescribed by rule is possible.

81.  The subheading to Paragraph 81 of the Complaint consists of a characterization of an element of the Tribes' case, to which no response is required.  With respect to the allegations in the first, third, and fourth sentences of Paragraph 81, the referenced Treaty speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents. With respect to the allegations in the second and sixth sentences of the paragraph, the referenced FEIS speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents; moreover, to the extent such allegations comprise legal conclusions, no response is required.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of the paragraph which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.

82.  With respect to the allegations in the first sentence of Paragraph 82 of the Complaint, the referenced Treaty speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  The allegations in the second sentence of Paragraph 82 comprise legal conclusions, to which no response is required.

83.  The subheading to Paragraph 83 of the Complaint consists of a characterization of an element of the Tribes' case, to which no response is required.  Simplot denies the allegations in the body of Paragraph 83, in part because such allegations are so vague, conclusory, and/or

subjective that no short and plain response as prescribed by rule is possible and would further aver in response that the Tribes' attempt to incorporate by reference its comments on the FEIS wholesale into its complaint is inconsistent with applicable Ninth Circuit precedent.  *See* Khoja v. Orexigen Therapeutics, 899 F.3d 988, 994 (9th Cir. 2018) (requiring pinpoint incorporation of facts into a federal complaint over which there can be said to be no reasonable dispute).

84.  In response to Paragraph 84 of the Complaint, Simplot restates and incorporates by reference its responses to all preceding paragraphs.

85.  The allegations in Paragraph 85 of the Complaint comprise legal conclusions, to which no response is required; moreover, to the extent such allegations purport to describe the referenced Treaty and cession agreements, those documents speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

86.  The allegations in Paragraph 86 of the Complaint comprise legal conclusions, to which no response is required; moreover, to the extent the allegations purport to describe the referenced cession agreements, those documents speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

87.  The allegations in Paragraph 87 of the Complaint comprise legal conclusions, to which no response is required.

88.  The allegations in Paragraph 88 of the Complaint comprise legal conclusions, to which no response is required; moreover, to the extent they purport to describe the referenced statute, that Act speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

89. Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of Paragraph 89 of the Complaint which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations.  The allegations in the fourth and fifth sentences of Paragraph 89 comprise legal conclusions, to which no response is required; moreover, to the extent they purport to describe the referenced FEIS, that document speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

90. The allegations in Paragraph 90 of the Complaint comprise legal conclusions, to which no response is required.

91. The allegations in Paragraph 91 of the Complaint consist of a characterization of and general reference to the relief the Tribes seek in the case, to which no response is required, and to the extent any response may be is required, Simplot avers that the Tribes are not entitled to any relief.

92. In response to Paragraph 92 of the Complaint, Simplot restates and incorporates by reference its responses to all preceding paragraphs.

93. The allegations in Paragraph 93 of the Complaint comprise legal conclusions, to which no response is required; moreover, to the extent they purport to describe the referenced statute, that Act speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

94. The allegations in Paragraph 94 of the Complaint comprise legal conclusions, to which no response is required; moreover, to the extent they purport to describe the referenced statute, that Act speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

95.  Simplot denies the allegations in the first and second sentences of Paragraph 95 of the Complaint.  The allegations in the third sentence of Paragraph 95 comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.

96.  Simplot denies the allegations in Paragraph 96 of the Complaint.

97.  Simplot denies the allegations in Paragraph 97 of the Complaint.

98.  Simplot denies the allegations in the first sentence of Paragraph 98 of the Complaint. The allegations in the remaining second through sixth sentences of Paragraph 98 comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.

99.  The allegations in Paragraph 99 of the Complaint consist of a characterization of and general reference to the relief the Tribes seek in the case, to which no response is required.

100.  In response to Paragraph 100 of the Complaint, Simplot restates and incorporates by reference its responses to all preceding paragraphs.

101.  The allegations in Paragraph 101 of the Complaint comprise legal conclusions, to which no response is required; moreover, to the extent they purport to describe the referenced statute and regulations, such documents speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

102.  The allegations in Paragraph 102 of the Complaint comprise legal conclusions, to which no response is required.

103.  The allegations in Paragraph 103 of the Complaint comprise legal conclusions, to which no response is required, although Simplot admits that the Court ruled that BLM's 2007

Exchange Decision required the preparation of an EIS in its opinion in <u>Shoshone-Bannock</u> <u>Tribes v. United States Dep't of the Interior</u>, No. 4:10-cv-004-BLW, 2011 WL 1743656 (D. Id. May 3, 2011).

104.  The allegations in Paragraph 104 of the Complaint comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.

105.  The allegations in Paragraph 105 of the Complaint comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations in the third, fourth, and fifth sentences of the paragraph.

106.  Simplot denies the allegations in Paragraph 106 of the Complaint, in part because such allegations are so vague, conclusory, and/or subjective that no short and plain response as prescribed by rule is possible.

107.  The allegations in Paragraph 107 of the Complaint comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.

108.  The allegations in Paragraph 108 of the Complaint comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.

109.  The allegations in Paragraph 109 of the Complaint consist of a characterization of and general reference to the relief the Tribes seek in the case, to which no response is required.

110.  In response to Paragraph 110 of the Complaint, Simplot restates and incorporates by reference its responses to all preceding paragraphs.

111.  The allegations in Paragraph 111 of the Complaint comprise legal conclusions, to which no response is required; moreover, to the extent they purport to describe the referenced Treaty, judicial opinions, and executive orders, all of those documents speak for themselves and are the best evidence of their contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

112.  The allegations in Paragraph 112 of the Complaint comprise legal conclusions, to which no response is required; moreover, to the extent they purport to describe the referenced Treaty, that document speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

113.  The allegations in Paragraph 113 of the Complaint comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.

114.  The allegations in the first and third sentences of Paragraph 114 of the Complaint comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations; moreover, to the extent they purport to describe the referenced FEIS, that document speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  The allegations in the second sentence of Paragraph 114 purport to describe the referenced Treaty, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.

115.  The allegations in the first and fifth sentences of Paragraph 115 of the Complaint comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.  The allegations in the second sentence

of Paragraph 115 purport to describe the referenced Treaty, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  Simplot lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of the paragraph which, pursuant to Fed. R. Civ. P. 8(b)(5), effectively operates as a denial of all such allegations. The allegations in the sixth sentence of the paragraph consist of a characterization of the Tribes' case, to which no response is required and, insofar as a response may be found to be required, Simplot denies the sentence.

116.  The allegations in the first sentence of Paragraph 116 of the Complaint purport to describe the referenced Treaty, which speaks for itself and is the best evidence of its contents, and therefore Simplot denies such allegations to the extent they are inconsistent with such contents.  The allegations in the second sentence of Paragraph 116 comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.

117.  The allegations in the first and second sentences of Paragraph 117 of the Complaint consist of a characterization of Plaintiffs' case, to which no response is required.  Simplot denies the allegations in the third and fourth sentence of Paragraph 117 except to admit insofar as the Fort Hall Bottoms Area is important to the Tribes for subsistence hunting, fishing, and gathering, and various cultural practices.

118.  The allegations in Paragraph 118 of the Complaint comprise legal conclusions, to which no response is required and, insofar as a response may be found to be required, Simplot denies all such allegations.

119.  The allegations in Paragraph 119 of the Complaint consist of a characterization of and general reference to the relief the Tribes seek in the case, to which no response is required.

The remaining paragraphs of the Complaint, denominated as (A.) - (E.) on pp. 41-42, constitute the Tribes' Prayer for Relief to which no response is required.  To the extent a response may be required, Simplot denies that the Tribes are entitled to the relief requested or any relief whatsoever in this case.

## GENERAL DENIAL

Simplot denies each and every allegation of the Complaint not otherwise expressly and specifically admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSE

1.  The Tribes have failed to exhaust their administrative remedies with respect to and/or forfeited or waived their rights to seek judicial review of one or more of the claims or issues set forth in their Complaint because they failed to adequately raise them during the numerous administrative processes and consultations BLM provided leading to the 2020 Exchange.

WHEREFORE, having answered the Complaint, Simplot respectfully requests that this Court:

A.  Dismiss the Complaint with prejudice;

B.  Enter judgment against Plaintiff and for Defendants; and

C.  Provide Defendants with such other relief as this Court deems just and equitable.

//

//

//

//

Respectfully submitted this 25th day of February 2021.


<u>s/ Steven B. Andersen</u>
Steven B. Andersen
KIRTON AND MCCONKIE
Stephen J. Odell
MARTEN LAW, PLLC
Thomas C. Perry, Senior Counsel
J.R. SIMPLOT COMPANY

Attorneys for Applicant-in-Intervention J.R. Simplot Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of February 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Paul C. Echo Hawk | paul@echohawklaw.com |
| William F. Bacon | bbacon@sbtribes.com |
| Devon Lehman McCune | devon.mccune@usdoj.gov |

  /s/ *Steven B. Andersen*
Steven B. Andersen