TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

SHANNON BOYLAN
D.C. Bar No. 1724269
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St. NE., Suite 3.1406
Washington, DC 20002
Tel: (202) 598-9584
Fax: (202) 305-0293
shannon.boylan@usdoj.gov

DEVON LEHMAN McCUNE
Colorado Bar No. 33223
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1487
Fax: (303) 844-1350
devon.mccune@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION, | Case No.: 4:20-cv-00553-BLW |
| Plaintiff, | |
| vs. | |
| | **DEFENDANTS' ANSWER** |
| CASEY HAMMOND, ACTING ASSISTANT SECRETARY FOR LAND AND MINERALS MANAGEMENT,[1] et al. | |
| Defendants. | |

    Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants United States

Department of the Interior, et al. ("Defendants"), submit their answer to the allegations contained

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, the successor of a public officer who is sued in an official capacity is automatically substituted as a party.  As of the filing date, the position of Acting Assistant Secretary for Land and Minerals Management is vacant.

in Plaintiff's Complaint ("Complaint"). The numbered paragraphs and major section headings of this answer correspond to the numbered paragraphs in Plaintiff's Complaint. The headings are not part of Defendants' answer to the allegations.  Defendants deny any allegations in the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

### INTRODUCTION

1.      The allegations in the first sentence of Paragraph 1 are Plaintiff's characterization of this case, to which no response is required.  Defendants admit the allegations in the second sentence. Defendants deny the allegations in the third sentence, and aver that through the land exchange, Simplot acquired 713.67 acres of federal lands (rather than 719 acres) in exchange for 666.46 acres of non-federal land plus a donation of 160 acres. Defendants admit the allegations in the fourth sentence, except the allegation that the federal lands are located on Howard Mountain, which Defendants deny. Defendants admit the allegations in the fifth sentence.

2.      The allegations in Paragraph 2 are Plaintiff's characterization of this case, to which no response is required.

3.      The Defendants admit the allegations in the first sentence of Paragraph 3 that the Fort Hall Reservation is adjacent to Howard Mountain and to the EMF Superfund site. Defendants admit the allegations in the second sentence.  The allegations in the third sentence purport to characterize the Fort Bridger Treaty, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the treaty's plain language, meaning, and context.  The remaining allegations in Paragraph 3 are legal conclusions, to which no response is required.

4.      The allegations in Paragraph 4 are Plaintiff's characterization of this case and/or legal conclusions, to which no response is required.  Defendants deny any violation of law.

### PARTIES

5.      Defendants admit the allegations in the first sentence of Paragraph 5.  The allegations in the second and third sentences of this paragraph are legal conclusions, to which no response is required.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 and deny them on that basis.

6.      In response to the allegations in the first four sentences of Paragraph 6, Defendants admit that Casey Hammond signed the August 12, 2020 Record of Decision while holding the position of Principal Deputy Assistant Secretary, Land and Minerals Management and exercising the authority of the Assistant Secretary, Land and Minerals Management, and that he later served as Acting Assistant Secretary, Land and Minerals Management, but deny that he currently holds any of these positions. The allegations in the fifth sentence of Paragraph 6 are Plaintiff's characterization of this case, to which no response is required.

7.      Defendants admit the allegations in the first two sentences of Paragraph 7.  The allegations in the last sentence of this paragraph are legal conclusions, to which no response is required.

8.      Defendants admit the allegations in Paragraph 8.

**JURISDICTION AND VENUE**

9.      The allegations in Paragraph 9 are legal conclusions, to which no response is required.

10.      The allegations in Paragraph 10 are legal conclusions, to which no response is required.

11.      The allegations in Paragraph 11 are legal conclusions, to which no response is required.

## FACTUAL ALLEGATIONS

12.    The responses to the allegations in the preceding paragraphs are reasserted as if fully set forth herein.

13.    Defendants admit the allegations contained in Paragraph 13.

14.    Defendants admit the allegations contained in Paragraph 14.

15.    Defendants admit the allegations contained in Paragraph 15.

16.    Defendants admit the allegations contained in Paragraph 16.

17.    Defendants admit the allegations contained in Paragraph 17.

18.    Defendants admit to the dates of the referenced letters to the BLM. Defendants admits the allegations in the second sentence. The remaining allegations in Paragraph 18 purport to characterize the referenced letters, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to the letters' plain language, meaning, and context.

19.    Defendants admit to the dates of the referenced letters and that the letters were sent to their respective recipients. The remaining allegations in Paragraph 19 purport to characterize the referenced letters, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to the letters' plain language, meaning, and context.

20.    Defendants admit the allegations in Paragraph 20.

21.    Defendants admit the allegations in the first sentence of Paragraph 21 and deny the allegations in the second sentence of the paragraph.

22.    Defendants admit the allegations in Paragraph 22.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24.     Defendants admit the first sentence of Paragraph 24.  With respect to the allegations in to the second sentence, Defendants aver that the BLM sent the draft EIS to the Tribes on December 12, 2019 (not December 13, 2019), and officially released the document to the public on December 20, 2019. Defendants admit the allegations in the third and fourth sentences. With respect to the allegations in the fifth sentence, Defendants have no evidence of receiving a February 7, 2020, letter, and therefore deny the allegations. With respect to the allegations in the sixth sentence, Defendants aver that Defendants sent the FEIS to the Tribes on May 15, 2020, and officially released it to the public on May 22, 2020. Defendants admit the allegations in the seventh sentence.

25.     Defendants admit that the ROD was signed on August 12, 2020. The remaining allegations in Paragraph 25 purport to characterize the ROD, which speaks for itself.  Defendants deny any allegations contrary to the ROD's plain language, meaning, and context.

26.     Defendants admit the allegations in the first two sentences of Paragraph 26, except that Defendants aver that the federal public land subject to the exchange consisted of 713.67 acres, rather than 719 acres.  As to the third sentence, Defendants admit that if upheld, the land exchange would privatize land previously subject to the Tribes' off-reservation treaty rights. The last clause of the third sentence is a legal conclusion, to which no response is required.

27.     Defendants admit the allegations in Paragraph 27, except that Defendants aver that the private land subject to the exchange consisted of a 666.46-acre parcel plus -a 160-acre donation parcel.

28.     The allegations in Paragraph 28 are Plaintiff's characterization of this case, to which no response is required.

## Water Resources

29.     Defendants admit that the Fort Hall Reservation spans 840 square miles in southeastern Idaho and that a significant amount of it is tribal land or land held in trust by the United States. Defendants are without sufficient knowledge or information to form a belief as to the percentage of the Reservation that is tribal land or held in trust and deny this allegation on that basis. Defendants admit the allegations in the second sentence of Paragraph 29. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29 and deny them on that basis.

30.     Defendants aver that past and present mining activities have contributed to contaminated groundwater discharging into the Portneuf River and that the Tribes' utilize the Portneuf River for subsistence and cultural practices. Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants aver that Don Plant activities have contributed to contaminated groundwater discharging into the Portneuf River, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first or second sentences and deny them on that basis. Defendants admit the allegation in the third sentence that in March 2009, the EPA proposed changes to the ROD. The fourth sentence and the following bullet points purport to characterize the EPA's proposed changes to the ROD, which document speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the document's plain language, meaning, and context. Defendants deny the remaining allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are legal conclusions to which no response is required.

## Air Quality

33.     Defendants aver that EMF ROD analyzed air quality affected by the challenged land exchange, including fugitive dust and potential of contaminants, and that the EMF ROD speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the EMF ROD's plain language, meaning, and context.  The fifth and sixth sentences are legal conclusions to which no response is required. Defendants deny the remainder of the allegations in Paragraph 33.

34.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 34 and deny them on that basis. Defendants admit the allegation that exceedance of fluoride in forage has occurred as a result of past actions.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 34 and deny them on that basis.

35.     With respect to the allegations in the first sentence of Paragraph 35, Defendants admit only that fine particulates are carried from the Don Plant towards the cities of Chubbuck and Pocatello but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence and deny them on that basis. The allegations in the second sentence are legal conclusions, to which no response is required.  Defendants deny the allegations in the third and fifth sentences and admit the allegations in the fourth sentence regarding greater surface area but deny any remaining allegations.

## The 1898 Cession Agreement and 1900 Act

36.     With respect to the allegations in Paragraph 36, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations related to the Tribes' title search and deny those allegations on that basis, but admit that the federal lands subject to the exchange are part of the Tribes' ceded lands.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants admit the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 purport to characterize a series of cession agreements, the 1900 Act, the Treaty, and the decisions in *State v. Tinno*, 94 Idaho 759, 497 P.2d 1386 (1972), *Swim v. Bergland*, 696 F.2d 712 (9th Cir. 1983), *Herrera v. Wyoming*, 139 S. Ct. 1686, 1694-1701 (2019), which all speak for themselves and are the best evidence of their content. Defendants deny any allegations contrary to the documents' plain language, meaning, and context. The allegations in the last three sentences of Paragraph 39 are legal conclusions, to which no response is required.

40.     Defendants admit that certain federal lands are a component of the Tribes' subsistence and traditional cultural practices.  Defendants are without sufficient knowledge or information to form a belief as to truth of the remaining allegations in the first and second sentences and deny them on that basis.  Defendants deny the allegations in the third sentence. The allegations in the fourth and fifth sentences of Paragraph 40 are legal conclusions, to which no response is required.

### Tribal Cultural Site & Resources

41.     Defendants admit the allegations in the first sentence of Paragraph 41. The remaining allegations in this paragraph are legal conclusions, to which no response is required.

42.     Defendants admit the allegation in Paragraph 42 that the public land subject to the exchange is part of the Tribes' traditional cultural land area, and admit that archaeological reports prepared by BLM contractors have identified cultural resources in the vicinity of that land. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42 and deny them on that basis.

43.     Defendants admit the allegation in the first sentence of Paragraph 43. With regard to the allegations in the second sentence, the Defendants admit that the federal land subject to the exchange will no longer be available for use by members of the Tribes and deny the remaining allegations in the sentence.

44.     Defendants admit the allegations in the first and second sentences of Paragraph 44.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 44 and deny them on that basis.

45.     The allegations in the first and eighth sentences of Paragraph 45 are legal conclusions, to which no response is required. With respect to the remaining allegations in the paragraph, Defendants admit that the cave dwelling in question was pointed out to BLM representatives, that this cave dwelling is culturally significant to the Tribes, and that it historically provided views of the surrounding landscape.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and deny them on that basis.

46.     Defendants admit the allegations in the first and third sentences of Paragraph 46. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence and deny them on that basis. The allegations in the fourth sentence are legal conclusions, to which no response is required.

47.     Defendants admit the allegations in the first sentence of Paragraph 47. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the second through sixth sentences, and deny them on that basis.

48.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and deny them on that basis.

**Tribal Treaty Rights**

49.     Defendants admit only the allegation in the third sentence that under the land exchange the Federal lands will no longer be available for exercise of off-reservation treaty rights. The remaining allegations in Paragraph 49 are legal conclusions, to which no response is required.

50.     The allegations in the first, fifth, and sixth sentences of Paragraph 50 are legal conclusions, to which no response is required. As to the second sentence, Defendants admit that Article IV of the Treaty contains the quoted language, but the remaining allegations are legal conclusions, to which no response is required.  Defendants admit the allegations in the third and fourth sentences.

51.     Defendants admit that the allegations in the first sentence in quotation marks accurately quote the Treaty.  The remainder of the first sentence of Paragraph 51 purports to characterize the Treaty, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the Treaty's plain language, meaning, and context. The allegations in the second sentence consist of legal conclusions to which no response is required.

52.     Defendants admit that the Fort Hall Bottoms area is used by Tribal members for subsistence hunting, fishing and gathering, as well as cultural practices.  The remaining

allegations in Paragraph 52 are Plaintiff's characterization of this case, to which no response is required.

53.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 53 and deny them on that basis.  The allegations in the second sentence purport to characterize a title report, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the report's plain language, meaning, and context.

54.     The allegations in Paragraph 54 purport to characterize a title report, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the report's plain language, meaning, and context.

55.     The allegations in Paragraph 55 purport to characterize a title report, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the report's plain language, meaning, and context.

56.     The allegations in the first sentence of Paragraph 56 purport to characterize a title report, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the report's plain language, meaning, and context.  The allegations in the second, fourth, and fifth sentences are legal conclusions, to which no response is required. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence and deny them on that basis.

57.     The allegations in the first and fifth sentences of Paragraph 57 are legal conclusions, to which no response is required. The remaining allegations in the paragraph purport to characterize a Notice of Lis Pendens, which speaks for itself and is the best evidence

of its contents.  Defendants deny any allegations contrary to the document's plain language, meaning, and context.

## ENVIRONMENTAL JUSTICE

58.     The allegations in the first sentence of Paragraph 58 purport to characterize Executive Order 12898, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the Order's plain language, meaning, and context. Defendants admit the allegations in the second sentence. The allegations in the third and fifth sentences are legal conclusions, to which no response is required. Defendants deny the allegations in the fourth sentence.

### Cumulative and Reasonably Foreseeable impacts

59.     Defendants admit the allegations in the first sentence of Paragraph 59.  The allegations in third sentence of Paragraph 59 are Plaintiff's characterization of this case, to which no response is required.  The remaining allegations in the paragraph are legal conclusions, to which no response is required.

### The Blackrock Land Exchange Final Environmental Impact Statement

60.     The first sentence of Paragraph 60 characterizes the Complaint and no response is required.  The allegations in the second sentence are legal conclusions, to which no response is required.

61.     Defendants admit the allegations in the first sentence of Paragraph 61. Defendants deny the allegations in the second and fifth sentences. With respect to the allegations in the third sentence, Defendants admit that the Tribes requested such studies and models but deny that the Tribes did not receive these studies and models. The allegations in the fourth sentence are legal conclusions, to which no response is required. The allegations in the sixth sentence purport to

characterize a March 2020 report, which speaks for itself and is the best evidence of its contents.[2] Defendants deny any allegations contrary to the report's plain language, meaning, and context.

62.     Defendants admit the allegations in the first sentence of Paragraph 62. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence and deny them on that basis.

63.     The allegations in Paragraph 63 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the EIS's plain language, meaning, and context.

64.     Defendants deny the allegations in the first, second, and sixth sentences of Paragraph 64. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third, fourth, and fifth sentences and deny them on that basis.

65.     The allegations in the first and second sentences of Paragraph 65 are legal conclusions, to which no response is required. Defendants admit the allegations in the third, fourth, and fifth sentences.

66.     With regard to the allegations in Paragraph 66, Defendants admit only that the EIS discloses impacts to visual resources as the result of the selected alternative and deny the remaining allegations contained in Paragraph 66.

67.     The allegations in the first sentence of Paragraph 67 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the EIS's plain language, meaning, and context.  The allegations in the second and third sentence purport to characterize the 1900 Act, which speaks for itself and is the

---

[2] Defendants believe that the underlined text in Paragraph 61 and certain subsequent paragraphs are headings to which no responses are required. This underlined text is therefore omitted from the sentence numberings.

best evidence of its contents.  Defendants deny any allegations contrary to the Act's plain language, meaning, and context.

68.     Defendants admit the allegations in the first sentence of Paragraph 68. The allegations in the second and third sentences are legal conclusions, to which no response is required.

69.     The allegations in the first sentence of Paragraph 69 purport to characterize the 1900 Act, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the Act's plain language, meaning, and context.  The allegations in the second and third sentences are legal conclusions, to which no response is required.

70.      The allegations in the first sentence purport to characterize 40 C.F.R. 1502.9, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the regulation's plain language, meaning, and context.  The allegations in the second, third, and fourth sentences are legal conclusions, to which no response is required.

71.     The allegations in the first three sentences of Paragraph 71 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the EIS's plain language, meaning, and context.  With regard to the fourth sentence, Defendants admit that the Tribes do not agree with the land exchange but Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the sentence and deny them on that basis.

72**.**     The allegations in the first three sentences of Paragraph 72 purport to characterize an EPA notice, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the notice's plain language, meaning, and context.  Defendants admit the allegations in the fourth sentence. The allegations in the fifth, sixth, and eighth sentences are

legal conclusions, to which no response is required. The allegations in the seventh sentence purport to characterize state regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to the regulations' plain language, meaning, and context.

73.     Defendants admit the allegations in the first, second, and third sentences of Paragraph 73. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth and fifth sentences and deny them on that basis.

74.     Defendants deny the allegations in the first, third, and fourth sentences of Paragraph 74, and admit the allegations in the second sentence of Paragraph 74.

75.     The allegations in Paragraph 75 are legal conclusions, to which no response is required.

76.     With regard to the allegations in Paragraph 76, Defendants admit that the private lands at issue in the exchange included a historic shooting area but deny that the area is presently contaminated. Defendants deny the allegations in the second sentence.

77.     The allegations in the first sentence of Paragraph 77 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the EIS's plain language, meaning, and context.  The allegations in the second sentence are legal conclusions, to which no response is required.

78.     The allegations in the first and third sentences of Paragraph 78 purport to characterize FLPMA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the statute's plain language, meaning, and context.  The allegations in the second, fourth, and fifth sentences are legal conclusions, to which no response is required.

79.     Defendants admit the allegations in the first and second sentences of Paragraph 79, except that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Simplot staff did not consider wildlife mortalities and deny it on that basis. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 79 and deny them on that basis. Defendants deny the allegations in the fourth sentence. The fifth sentence characterizes the Complaint and requires no response.  Defendants admit the allegations in the sixth sentence. The allegations in the seventh sentence are legal conclusions, to which no response is required.

80.     The allegations in the first, fifth, and sixth sentences of Paragraph 80 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the EIS's plain language, meaning, and context.  The allegations in the second, fourth, eighth, and ninth sentences are legal conclusions, to which no response is required. In response to the third sentence, the Defendants admit only that past phosphate processing activities at the Don Plant have had a disproportionate impact on the Tribes and deny the remaining allegations contained in this sentence. Defendants deny the allegations in the seventh sentence.

81.     Defendants admit that the allegations in this paragraph in quotation marks accurately quote the Treaty.  The remaining allegations in the first, third, and fourth sentences of Paragraph 81 purport to characterize the Treaty, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the Treaty's plain language, meaning, and context.  The allegations in the second, fifth, and sixth sentences are legal conclusions, to which no response is required.

82.     The allegations in the first sentence of Paragraph 82 purport to characterize the Treaty, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the Treaty's plain language, meaning, and context.  The allegations in the second sentence are legal conclusions, to which no response is required.

83.     With regard to the allegations in Paragraph 83, Defendants admit that the Tribes submitted comments on the FEIS, and state that the remaining allegations are legal conclusions, to which no response is required.

### FIRST CLAIM FOR RELIEF
### (Violations of the 1900 Act and 1898 Cession Agreement)

84.     The responses in the preceding paragraphs are reasserted as if fully set forth herein.

85.     Defendants admit the allegations in the first and third sentences of Paragraph 85. As to the second sentence, Defendants admit that the Treaty reserved certain off-reservation rights and aver that the Treaty speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the Treaty's plain language, meaning, and context. As to the fourth sentence, Defendants admit that the Tribes maintain and practice their treaty rights on certain lands on the current Reservation, Ceded lands, aboriginal territory, and unoccupied lands of the United States.

86.     Defendants admit the allegations in Paragraph 86.

87.     As to the first sentence of Paragraph 87, Defendants admit that the Tribes expressly reserved certain usufructuary rights for lands remaining in the public domain, but aver that the 1900 Cession Agreement speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the Act's plain language, meaning, and context. Defendants admit the allegations in the second sentence of Paragraph 87.

88.     Defendants admit the allegations in the first sentence of Paragraph 88. The allegations in the second sentence are legal conclusions, to which no response is required. Defendants admit the allegations of the third sentence. The allegations in the fourth sentence purport to characterize the 1900 Act, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the Act's plain language, meaning, and context.

89.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 89 and deny them on that basis. Defendants admit the allegations in the second sentence of Paragraph 89. With regard to the allegations in the third sentence, Defendant are without sufficient knowledge or information to form a belief as to the truth of these allegations and deny them on that basis. The allegations in the fourth and fifth sentences of Paragraph 89 are legal conclusions, to which no response is required.

90.     The allegations in Paragraph 90 are legal conclusions, to which no response is required.

91.     The allegations in Paragraph 91 are Plaintiff's characterization of this case, to which no response is required.

**SECOND CLAIM FOR RELIEF**
**(FLPMA and APA Violations)**

92.     The responses in the preceding paragraphs are reasserted as if fully set forth herein.

93.     Defendants admit the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 purport to characterize FLPMA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the statute's plain language, meaning, and context.

95.     The allegations in Paragraph 95 are legal conclusions, to which no response is required.

96.     The allegations in Paragraph 96 are legal conclusions, to which no response is required.

97.     The allegations in Paragraph 97 are legal conclusions, to which no response is required.

98.     The allegations in Paragraph 98 are legal conclusions, to which no response is required.

99.     The allegations in Paragraph 99 are Plaintiff's characterization of this case, to which no response is required.

## THIRD CLAIM FOR RELIEF
### (NEPA and APA Violations)

100.     The responses in the preceding paragraphs are reasserted as if fully set forth herein.

101.     The allegations in Paragraph 101 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the statute's plain language, meaning, and context.

102.     The allegations in Paragraph 102 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the statute's plain language, meaning, and context.

103.     The allegations in Paragraph 103 are legal conclusions, to which no response is required.

104.     The allegations in Paragraph 104 are legal conclusions, to which no response is required.

105.     The allegations in Paragraph 105 are legal conclusions, to which no response is required.

106.     The allegations in Paragraph 106 are legal conclusions, to which no response is required.

107.     The allegations in Paragraph 107 are legal conclusions, to which no response is required.

108.     The allegations in Paragraph 108 are legal conclusions, to which no response is required.

109.     The allegations in Paragraph 109 are Plaintiff's characterization of this case, to which no response is required.

**FOURTH CLAIM FOR RELIEF**
**(Violations of the Fort Bridger Treaty of 1868)**

110.     The responses in the preceding paragraphs are reasserted as if fully set forth herein.

111.     The allegations in Paragraph 111 are legal conclusions, to which no response is required.  The allegations in this paragraph also characterize judicial opinions, which speak for themselves and are the best evidence of their contents.

112.     The allegations in Paragraph 112 purport to characterize the Treaty, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the Treaty's plain language, meaning, and context.

113.    The allegations in Paragraph 113 are legal conclusions, to which no response is required.

114.    The allegations in Paragraph 114 are legal conclusions, to which no response is required.

115.    The allegations in Paragraph 115 are legal conclusions, to which no response is required.

116.    The allegations in Paragraph 116 are legal conclusions, to which no response is required.

117.    The allegations in Paragraph 117 are Plaintiff's characterization of this case, to which no response is required.

118.    The allegations in Paragraph 118 are legal conclusions, to which no response is required.

119.    The allegations in Paragraph 119 are Plaintiff's characterization of this case, to which no response is required.

The remaining allegations in the Complaint consist of Plaintiff's Prayer for Relief (Section IX).  Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for the Defendants, and that the Court order such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim for which relief may granted.

2.    Some or all of Plaintiff's claims are moot.

21

DATED this 19th day of August, 2021.

/s/ Shannon Boylan
SHANNON BOYLAN
D.C. Bar No. 1724269
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St. NE., Suite 3.1406
Washington, DC 20002
Tel: (202) 598-9584
Fax: (202) 305-0293
shannon.boylan@usdoj.gov

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources
Division

DEVON LEHMAN McCUNE
Colorado Bar No. 33223
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1487
Fax: (303) 844-1350
devon.mccune@usdoj.gov

*Attorneys for Defendants*