# LITIGATION PLAN

PRESIDING JUDGE: Winmill

DATE OF -SCHEDULING CONFERENCE: October 12, 2021

CASE NO: 20-cv-00553   NATURE OF SUIT: Complaint concerning Administrative Decision.

CASE NAME:  Shoshone-Bannock Tribes of the Fort Hall Reservation, Plaintiff, v. Casey Hammond, U.S. Department of the Interior and U.S. Bureau of Land Management, Defendants, and J.R. Simplot Company, Defendant Intervenor.

PARTY SUBMITTING PLAN:
      ☒ Plan **has been** stipulated to by all parties.
      ☐ Plan **has not been** stipulated to, but is submitted by:

          ATTORNEY:  Click here to enter text.

          REPRESENTING: Choose an item.

1.    **CASE MANAGEMENT TRACK**:

    ☐    **Expedited Track** - Cases on this track will typically be set for trial approximately 9 to 12 months following the case management conference, take 4 days or less to try, and involve limited discovery.

    ☐    **Standard Track** - Cases on this track will typically be set for trial approximately 12 to 15 months following the case management conference, take about 5-10 days to try, and involve typical discovery. **Most cases fall within this category**.

    ☐    **Complex Track** - Cases on this track will typically be set for trial approximately 15 to 24 months following the case management conference, take more than 10 days to try, involve extensive discovery, and involve extensive expert testimony.

    ☒    **Legal Track** - Cases that involve legal issues likely to be resolved by motion rather than trial.  There will be little, if any, discovery.  A motion hearing will be set at the case management conference.

2.    **DISPOSITIVE MOTIONS FILING CUT-OFF DATE**:

**a.) Motions for Summary Judgment**

The parties agree that the case should be resolved on cross-motions for summary judgment.  Federal Defendants and Defendant-Intervenor take the position that these cross-motions should be resolved on the basis of the administrative record for the challenged agency action, subject to any exceptions the Court may find appropriate.  The Federal Defendants are now preparing the administrative record for production to all parties.  The parties agreed to and propose the following schedule for production of the administrative record and briefing of cross-motions for summary judgment:

- Federal Defendants will produce the administrative record to the parties by October 29, 2021.

- Plaintiff and Defendant Intervenor Simplot will notify the Federal Defendants of any alleged deficiencies in the administrative record and the parties will attempt to resolve any dispute regarding the sufficiency of the administrative record by December 1, 2021.

- Federal Defendants will provide a response to the parties regarding any issues raised with regard to the sufficiency of the record by December 15, 2021.

- If the parties are unable to resolve issues related to the sufficiency of the administrative record, the party challenging the sufficiency of the record will file any motions regarding supplementation of the administrative record by January 7, 2022.  If any such motion is filed, that motion will be briefed in accordance with the local rules.

- Plaintiff shall file its motion for summary judgment within 60 days of the Court's resolution of any motion to supplement the administrative record, or, if there are no disputes regarding the administrative record or the parties are able to resolve such disputes, by February 18, 2022.

- Federal Defendants and Defendant Intervenor shall file their cross-motions for summary judgment supported by a brief in support of their motion and in opposition to Plaintiff's motion within 45 days of Plaintiff's motion.

- Plaintiff shall file its briefs in opposition to Federal Defendants' and Defendant Intervenor's motions and reply in support of its motion for summary judgment within 45 days thereafter.

- Federal Defendants' and Defendant Intervenor 's reply briefs in support of their motions for summary judgment shall be filed within 30 days thereafter.

### b.) Briefing Page Limits

The parties are not in agreement on whether any party may submit declarations of witnesses with their briefs.

The Shoshone-Bannock Tribes intend to submit declarations for the purposes of establishing standing, which is standard practice for agency action review cases. *See, e.g.*, *Nw. Env't. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527–28 (9th Cir. 1997). Although Federal Defendants have suggested they will not challenge the Tribes' standing, it is the Tribes' burden to support their standing and they cannot rely on such statements: Simplot may challenge the Tribes' standing, this Court may consider the issue on its own, another court on appeal may consider the issue on its own, and it can be raised by any party at any time.

Before reviewing the record and drafting the summary judgment brief, the Tribes cannot say whether declarations for other purposes will be necessary or fit within the exceptions to go beyond the administrative record described in *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). The Tribes therefore believe discussion of additional declarations is premature and if declarations are needed, the issue would be best addressed at the time of filing briefs.

The Tribes also generally believe that Simplot, having already been granted intervention, does not need to submit declarations. However, that too is subject to Simplot's review of the record and whether any of the exceptions described in *Lands Council*, 395 F.3d at 1030, apply, and should be addressed at the time of filing briefs.

Federal Defendants' position is that declarations are outside the scope of the administrative record and therefore that any party wishing to submit such evidence should move the Court to admit extra-record evidence before attaching any declarations to briefs. *See Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2004) (outlining the limited exceptions for when district courts are permitted to consider evidence beyond the administrative record in reviewing an agency action).

Defendant-Intervenor's position is that any declarations to be submitted beyond the administrative record (other than for standing purposes) should be identified and briefly described in the record supplementation process in paragraph 2(a) above. Defendant-Intervenor also is of the view that any declarations the Tribes may submit with their summary judgment papers for purposes of establishing their standing are not appropriate to cite or rely upon for purposes of the merits of their claims.

This is a matter for discussion with the Court during the scheduling conference.

The parties have discussed potential page limits on number of briefs and propose the following:

Plaintiff's Summary Judgment Brief: 50 pages
Defendant and Defendant Intervenor's Responses/Cross-Motions for Summary Judgment: 50 pages each
Plaintiff's Combined Reply/Response to Both Briefs: 50 pages
Defendant and Defendant Intervenor's Replies: 35 pages each

The parties agreed that this is a matter for discussion with the court and propose that discussion should include: 1) page limits for each anticipated brief; 2) Order of briefing; and 3) schedule of briefing.

### c.) Hearing

Anticipating the likely time necessary for preparation and finalization of the administrative record, resolution of potential motions relating to the ultimate record for judicial review, the filing of dispositive motions, and supporting or opposing briefing on dispositive motions, the parties believe that the case will be ready for hearing by July 1, 2022.  The Parties obviously defer to the Court's scheduling availability and preference in this regard.

All parties further respectfully request that the Court now set a tentative hearing date or dates so the scheduling of the briefing can be tied to those dates.  The parties wish to discuss with the Court the amount of time the Court should reserve for the hearing.

3. **JOINDER OF PARTIES & AMENDMENT OF PLEADINGS CUT-OFF DATE: November 1, 2021**

4. **ALTERNATE DISPUTE RESOLUTION OPTIONS** - Pursuant to Local Rule 16.1 and 16.4, the parties must meet and confer about (1) whether they might benefit from participating in some form of ADR process; (2) which type of ADR process is best suited to the specific circumstances in their case; and (3) when the most appropriate time would be for the ADR session to be held.

Check Preference:

☐     Mediation (General Order No. 130) (Local Rule 16.4(b)(2))
☐     Settlement Conference (Local Rule 16.4(b)(1))
☐     Arbitration (Local Rule 16.4(b)(3))

☒      Other: The Parties have agreed to attempt to mediate the case pursuant to Local Rule 16.4(b)(3) through the use of an agreed-upon independent mediator. The Parties will advise the Court if these discussions would warrant a change in the Litigation Plan.  They believe the proposed agreed-upon schedule in the current plan and ADR deadline below should be able to accommodate any such discussions.

        **ADR to be held by:** November 15, 2021

5.     **DISCOVERY PLAN.**  Fed. R. Civ. P. 26(f): See Discovery Plan filed contemporaneously.

6.     **FACTUAL DISCOVERY CUT-OFF DATE:** N/A

7.     **EXPERT DISCOVERY CUT-OFF DATE:** N/A

8.     **EXPERT TESTIMONY DISCLOSURES:** N/A

9.     **TRIAL DATE:** N/A