UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LAURA DANIEL-DAVIS, Principal Deputy Assistant Secretary for Land and Minerals Management, UNITED STATES DEPARTMENT OF THE INTERIOR and UNITED STATES; BUREAU OF LAND MANAGEMENT,<br><br>　　Defendants,<br><br>　　and<br><br>J.R. SIMPLOT COMPANY,<br><br>　　Defendant-Intervenor. | Case No. 4:20-cv-00553-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

This case concerns the Department of the Interior's decision to approve a land exchange between the Bureau of Land Management and J.R. Simplot Company. The Shoshone-Bannock Indian Tribes of the Fort Hall Reservation

claim the decision violates their Treaty rights, NEPA, and FLPMA. The Court's review of Interior's decision will be based on the administrative record.

In the motion before the Court, Simplot asks the Court to consider two extra-record documents: the Declaration of Alan L. Prouty (Dkt. 6-2) and Exhibit G to that declaration, a series of June 2020 memoranda comprising Off-Plant OU Ecological Assessments conducted by EPA (Dkt. No. 6-9). Dkt. 26. For the reasons explained below, the Court will grant the motion as to the June 2020 memoranda, but will deny it as to the Prouty Declaration itself.

## LEGAL STANDARD

Where, as here, the Court reviews claims under the Administrative Procedure Act (APA), those claims are typically resolved on the basis of the complete administrative record. But administrative records can be supplemented.

The Court may consider extra-record evidence that falls into a *Lands Council* exception, which apply

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (citing *Southwest Ctr. for Biological Diversity v. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir.1996))

**MEMORANDUM DECISION AND ORDER - 2**

(internal quotations omitted).

If such extra-record evidence falls within one of the *Lands Council* exceptions, the foundation for such evidence may be laid by the Court taking judicial notice of facts not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may take judicial notice of matters of public record" that are not subject to reasonable dispute or the accuracy of which is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). *See also City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute."); *Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015) ("We may take judicial notice of official information posted on a governmental website, the accuracy of which is undisputed." (citations and alterations omitted).

## ANALYSIS

### A. *Lands Council* Exception for Explaining Technical Terms or Complex Subject Matter

Simplot relies principally on the third *Lands Council* exception, which allows the Court to consider materials that are necessary to explain technical terms or would shed valuable light on complex subject-matter. This exception is cited

with some frequency in cases involving EPA decisions that concern technical patterns. *See, e.g.*, *Association of Pacific Fisheries v. EPA*, 615 F.2d 794, 811-12 (9th Cir. 1980); *Bunker Hill Co. v. EPA*, 572 F.2d 1286, 1292 (9th Cir 1977).

Simplot argues that the Prouty Declaration falls within this exception because it "encapsulate[s] and explain[s] literally hundreds of pages of technical data and analyses, the vast majority of which are in the originally lodged administrative record." *Intervenor Br.,* Dkt, 26 at 10. In addition, Simplot argues that the June 2020 memoranda "will also help to shed light on some of the more technical and complex allegations that the Tribes have brought forth in support of their claims." *Id.* According to Simplot, the June 2020 memoranda includes EPA-generated assessments that directly rebut or seriously undermine various allegations in the Complaint. *Id.* at 11.

The federal agencies respond that they do not object to the use and consideration of the Prouty declaration or the June 2020 Memoranda as extra-record evidence, so long as they are used to establish background or to help explain technical material in the record. *Fed. Def. Br.*, Dkt. 28 at 3. The agencies would, however, object to the use of the declaration to determine the correctness or wisdom of the agency's decision. *Id.*

For their part, the Tribes "do not oppose Simplot using the Declaration of

**MEMORANDUM DECISION AND ORDER - 4**

Alan Prouty and Exhibit G to the declaration as long as the documents are used to explain technical terms or complex subject matter in the summary judgment briefing, as is permitted by *Lands Council*." Pl. Br. Dkt. 27 at 2. The Tribes argue, however, that Simplot has an ulterior motive here. They emphasize that "Simplot's motion and supporting memorandum fail to identify any technical term or complex subject matter for which these documents are necessary for reviewing the Bureau of Land Management's ('BLM's') action." *Id*.

The Court agrees with the Tribe's assessment.  The June 2020 memoranda will provide necessary background that will shed valuable light on the issues before the Court.  Accordingly, the Court will grant Simplot's motion, with the caveat that it cannot be used or cited to challenge the wisdom of the agency decision at issue in this case.

However, the Prouty declaration stands on a very different footing.  Simply put, it appears to be an advocacy document, with the primary purpose of describing the substantial efforts Simplot has made to comply with prior court orders. In its briefing, Simplot repeatedly offers the conclusion that the Prouty affidavit will assist the Court in dealing with the technical terms and complex subject matter involved in this case. However, it provides no explanation as to how the affidavit will do so. And, the Court is unable to connect the dots. Accordingly, the Prouty

**MEMORANDUM DECISION AND ORDER - 5**

affidavit will not be considered by the Court in resolving this dispute.

### B.   Judicial Notice

Simplot argues that the Court may also take judicial notice of the June 2020 memoranda, because it is a government document publicly available on EPA's website. The Tribes do not address this argument. The agencies do not object to the Court taking judicial notice of the report to prove its existence and contents but object to the report being used to prove the truth of the matters asserted therein. *Fed. Def. Br.*, Dkt. 28 at 3-4.

"[A] court may take judicial notice of matters of public record that are not subject to reasonable dispute." *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 699 n. 6 (9th Cir. 2017) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (internal citations and quotations omitted).

The June 2020 memoranda is a matter of public record and the report of EPA, an administrative body. Neither the Tribes nor the agencies dispute its contents. The Court's review of the June 2020 memoranda did not indicate a basis for reasonably disputing its contents. The exhibit is a straightforward EPA analysis of fluoride monitoring. Therefore, the Court will take judicial notice of the June

2020 memoranda as to their existence and contents. The Court will also accept the truth of the statements and conclusions made in the memoranda, unless those statements and conclusions are disputed in this proceeding. *Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213 (D. Idaho 2021).

## ORDER

**IT IS ORDERED that:**

1. Defendant-Intervenor's Motion for the Court to Consider Extra-Record Materials (Dkt. 26) is **GRANTED** as to the June 2020 memoranda comprising Off-Plant OU Ecological Assessments conducted by EPA (Dkt. No. 6-9), but is **DENIED** as to the Declaration of Alan L. Prouty (Dkt. 6-2).

DATED: February 28, 2022

_____
B. Lynn Winmill
U.S. District Court Judge