Paul C. Echo Hawk (ISB # 5802)
ECHO HAWK LAW OFFICE
P.O. Box 4166
Pocatello, Idaho 83205
Telephone: (208) 705-9503
Facsimile: (208) 904-3878
paul@echohawklaw.com

Jill E. Grant (DCB #358306) (*pro hac vice*)
JILL GRANT & ASSOCIATES, LLC
1319 F Street, NW
Washington, D.C. 20004
Telephone: (202) 821-1950
Facsimile: (202) 459-9558
jgrant@jillgrantlaw.com

William F. Bacon, General Counsel (ISB # 2766)
SHOSHONE-BANNOCK TRIBES
P.O. Box 306
Fort Hall, Idaho 83203
Telephone: (208) 478-3822
Facsimile: (208) 237-9736
bbacon@sbtribes.com

*Attorneys for the Shoshone-Bannock Tribes*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION,<br><br>　　Plaintiff,<br>v.<br><br>LAURA DANIEL-DAVIS, Principal Deputy Assistant Secretary for Land and Mineral Management, UNITED STATES DEPARTMENT OF THE INTERIOR and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>　　Defendants,<br><br>　　and<br><br>J.R. SIMPLOT COMPANY,<br><br>　　Defendant-Intervenor. | Case No. 4:20-cv-00553<br><br>**SHOSHONE-BANNOCK TRIBES' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR EXTENSION OF BRIEFING SCHEDULE** |

Plaintiff Shoshone-Bannock Tribes (Tribes) submits this response to the Federal Defendants' Motion for Extension of Briefing Schedule dated June 2, 2022 (ECF 39). The Tribes do not oppose a thirty-day extension of the current briefing schedule to accommodate Federal Defendants, but the Court should not grant the requested sixty-day extension for the reasons stated below.[1]

First, extending the briefing schedule will delay resolution of this case and prejudice the Tribes. The Tribes negotiated the briefing schedule in this case, with the input and agreement of Defendants, to quickly resolve the issues without the need for emergency briefing and to limit any work on the exchanged lands during the pendency of the case. The Tribes filed their motion for summary judgment in accordance with the existing scheduling order. The Tribes are concerned that Defendant-Intervenor J.R. Simplot Company (Simplot) continues to do work on the exchanged land which harms the Tribes' interests in clean groundwater, air quality, human health and safety, plants, animals, a Tribal cultural site, and Tribal off-reservation treaty rights. In addition, the Tribes believe that Defendants and Simplot will argue that the completion of work on the property is a reason for the Court to uphold the land exchange, when that work was only possible because of the extended schedule for the case. For those reasons, if the Court grants an extension of the briefing schedule, it should also require that, 30 days before any further work on the property, Simplot must file a notice with the Court describing such work. This notice requirement should remain throughout the pendency of the case, so that the parties can respond accordingly.

---

[1] If the Defendants' request for additional time is granted, the Tribes should receive a corresponding adjustment of the deadline for filing their response to the Defendants' cross-motion for summary judgment and reply in support of the Tribes' motion for summary judgment. In other words, the Tribes' consolidated response/reply should be due 45 days from the new deadline for Defendants' cross-motion and response.

SHOSHONE-BANNOCK TRIBES' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR EXTENSION OF BRIEFING SCHEDULE - 2

Second, the Defendants assert that a reason to grant the requested extension of time is because they need additional time to "fully consider" the Tribes' legal arguments that are based on "multiple federal statutes and treaties." (ECF 39 at pg. 3-4). However, the arguments and legal authorities cited in support of the Tribes' motion for summary judgment are not new to the Defendants or to this case. The administrative record includes tribal comments and documents that have raised all the arguments and authorities cited in the Tribes' motion for summary judgment. The Tribes' motion for summary judgment includes four claims, asserting violations of 1) the 1900 Act, 2) FLPMA, and 3) NEPA, and 4) a breach of Trust responsibilities . These arguments and authorities were raised in the Tribes' Scoping Comments (AR0064991-64999), the Tribes' DEIS Comments (AR0039086-34120), and the Tribes' FEIS Comments (AR0065167-65182). The Complaint filed in this case also raises these arguments and authorities.

The following list of citations to the administrative record contain a non-exhaustive list of comments raising the Tribes' four arguments and authorities that support the arguments in Tribes' motion for summary judgment:

*1. 1900 Act*

    a. Ceded land within original Reservation. AR0039088.
    b. Right to exercise Treaty hunting, fishing, and gathering rights. AR0039088.
    c. Ceded lands. AR0039089.
    d. Federal lands are located on Ceded Lands, subject to Cession Agreement. AR0039091.
    e. Failure to comply with 1900 Act. AR0065170.
    f. 1900 Act process for disposal/exchange. AR0064998. (the Tribes' Scoping Comments dated July 1, 2019, identified that there was a 1900 Act process for how the Ceded Lands could be properly disposed of).

*2. FLPMA*

    a. Project not in the best interest of the public. AR0039088. AR0064992.
    b. FLPMA, NEPA, NHPA, etc. AR0039088.
    c. BLM parcels not identified for disposal in RMP. AR0039092.

SHOSHONE-BANNOCK TRIBES' RESPONSE TO FEDERAL DEFENDANTS' MOTION
FOR EXTENSION OF BRIEFING SCHEDULE - 3

    d. Title issues should be publicly documented. AR0039092-93.
    e. Tribes disagree that the land exchange is in the best interest of public. AR0039093.
    f. FLPMA land exchanges must be equal value. AR0065174; Tribes' Complaint on page 29-30, paragraph 78.

### *3. NEPA*

    a. Problems with Alternative A: mitigation measures and inadequate information. AR0039093.
    b. Potential mitigation lands within Reservation are contaminated and have environmental easements, resulting in more problems and impacts including that they may or may not meet regulatory requirements. AR0039093.
    c. Potential mitigation (voluntary land donation) written as an appeasement not a mandatory condition. Unlikely that the Tribes or BIA could even accept the land donation, and such issues must be addressed in FEIS. AR0039093-94.
    d. Specific environmental concerns. AR0039094-97, AR0039100-13, AR0065167-82, AR0064992-99.
    e. NEPA analysis cannot happen in a vacuum. AR0064997-98.
    f. Must effectively consider Tribal rights and issues. AR0064999.

### *4. Breach of Trust/Treaty*

    a. Reserved treaty rights and interests. AR0039087, AR0039090-91, AR0064992.
    b. Exercise of treaty rights. AR0039087.
    c. Tribes would lose these rights if land transferred to Simplot. AR0039091-92.
    d. Tribes have long stated opposition to transfer of Ceded Lands. AR0039092.
    e. Treaty-protected rights on subject federal lands. AR0039106.
    f. Concerns of impacts on reserved treaty rights. AR0065178, AR0065181, AR0064992.
    g. Trust responsibility (stated only, no details). AR0064997.

    The above-cited parts of the administrative record have been available to the Defendants for many months, and they should have been "fully considered" by the Defendants during the NEPA process. That the Defendants now acknowledge that they need more time to fully consider the Tribes' arguments demonstrates the inadequacy of the FEIS in this case.

    Defendants also state that they need additional time to address the exhibits attached to Plaintiff's motion because they are outside the administrative record, but these exhibits are declarations supporting the Tribes' standing, along with attachments supporting the declarations.

SHOSHONE-BANNOCK TRIBES' RESPONSE TO FEDERAL DEFENDANTS' MOTION
FOR EXTENSION OF BRIEFING SCHEDULE - 4

As for the settlement counter-proposal that Defendants reference, that was proposed over two months ago, as Defendants acknowledge.

For the foregoing reasons, the Tribes respectfully request that the Court grant only a 30-day extension of the briefing schedule; allow the Tribes 30 additional days for filing a response to the Defendants' motion for summary judgment and reply in support of the Tribes' motion for summary judgment; and require Defendant-Intervenor Simplot to file a 30-day notice before any work on the property.

Dated: June 7, 2022.

                                            Respectfully submitted,

                                            */s/ Paul C. Echo Hawk*
                                            Paul C. Echo Hawk

                                            */s/ Jill E. Grant*
                                            Jill Elise Grant
                                            *Attorneys for the Shoshone-Bannock Tribes*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Devon Lehman McCune, Attorney for Defendants
devon.mccune@usdoj.gov

Shannon Boylan, Attorney for Defendants
shannon.boylan@usdoj.gov

Steven B. Andersen, Attorney for J.R. Simplot Company
sandersen@kmclaw.com

Thomas C. Perry, Attorney for J.R. Simplot Company
tom.perry@gov.idaho.gov

Jennifer Marie Reinhardt, Attorney for J.R. Simplot Company
jtessmer@kmclaw.com

 

                                                        */s/ Paul C. Echo Hawk*
                                                         Paul C. Echo Hawk