Steven B. Andersen, ISB # 2618
**KIRTON MCCONKIE**
999 W. Main Street, Ste. 100
Boise, Idaho 83702
Telephone: (208) 370-3325
E-mail: sandersen@kmclaw.com

Thomas C. Perry, ISB #7203
**J.R. SIMPLOT COMPANY**
1099 W. Front Street
Boise, Idaho 83707
Telephone: (208) 780-7430
E-mail: thomas.perry@simplot.com

Stephen J. Odell, OSB # 903530 (admitted *Pro Hac Vice*)
**MARTEN LAW, PLLC**
1050 SW Sixth Ave., Ste. 2150
Portland, Oregon 97204
Telephone: (503) 241-2648
E-mail: sodell@martenlaw.com

*Attorneys for Defendant-Intervenor J.R. Simplot Company*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION, | ) ) ) | Case No.: 4:20-cv-00553-BLW |
| Plaintiff, | ) ) ) | **DEFENDANT-INTERVENOR J.R. SIMPLOT COMPANY'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| LAURA DANIEL-DAVIS,[1] Principal Deputy Assistant Secretary for Land and Minerals Management; UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF OF LAND MANAGEMENT, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| and | ) ) | |
| J.R. SIMPLOT COMPANY | ) ) | |
| Defendant-Intervenor. | ) ) ) | |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ms. Daniel-Davis is being automatically substituted for her predecessor in the official public position she now holds for the U.S. Department of the Interior.

Pursuant to Local Rule 7.1(c)(2), Defendant-Intervenor J.R. Simplot Company ("Simplot") hereby submits the following Response to Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment.

Response to Statement 1:

Simplot does not dispute this statement.

Response to Statement 2:

Simplot disputes this statement. The August 12, 2020, Record of Decision ("ROD") was issued following publication of a Final Environmental Impact Statement ("FEIS") on May 27, 2020. ROD at 14 (AR0039182). The land exchange approves Simplot's acquisition of 713.67 acres of federal land managed by the Bureau of Land Management ("BLM") in exchange for 666.46 acres of non-federal land owned by Simplot and an additional 160 acres of non-Federal land owned by Simplot from a voluntary mitigation parcel. ROD at 1, 9 (AR0039169, 39177). The 666.64 acres of private land offered by Simplot in the land exchange are approximately 5 miles east-southeast of Pocatello. ROD at 8 (AR0039176).

Response to Statement 3:

Simplot does not dispute this statement.

Response to Statement 4:

Simplot does not dispute this statement.

Response to Statement 5:

Simplot does not dispute this statement, insofar as it is consistent with the documents cited, which speak for themselves and are the best evidence of their contents. Simplot disputes this

statement insofar as it is inconsistent with the documents cited.  Simplot further disputes the statement that "[m]aterials from the DOI's ROD indicate that substantial portions of the 1900 ceded lands are in the public domain," as it is too vague to enable preparation of a meaningful response.

Response to Statement 6:

Simplot disputes the final sentence of this statement as it purports to characterize a legal conclusion as a statement of fact. Simplot does not dispute the remainder of the statement.

Response to Statement 7:

Simplot disputes the final two sentences of this statement as they purport to characterize a legal conclusion as a statement of fact.  Simplot does not dispute the remainder of the statement.

Response to Statement 8:

Simplot does not dispute this statement.

Response to Statement 9:

Simplot does not dispute this statement.

Response to Statement 10:

Simplot does not dispute the first two sentences of this statement.  Simplot disputes the third sentence of this statement because the use of "likely" makes it a statement of irrefutable possibility rather than of fact.  Simplot does not dispute that the Cultural Resource's letter submitted to  BLM by the Tribes stated that the land "likely contains burial sites[.]"  However, Simplot disputes  the land likely contains burial sites as "[t]here have been no specifically documented or recorded burial sites on the Federal lands and no burial sites were identified during the cultural resource surveys conducted on the Federal Lands."  FEIS at I-19

(AR0030056).  Simplot also disputes the final sentence of this statement as it purports to characterize a legal conclusion as a statement of fact.

Response to Statement 11:

Simplot does not dispute this statement.

Response to Statement 12:

Simplot disputes the first sentence of this statement as it is too vague to enable the formulation of a meaningful response.  Simplot disputes the second sentence as the editorialization of "major justifications" for site designation cannot be ascertained from the record.  Simplot does not dispute the final sentence of this statement; however, this sentence implies that such groundwater quality is at risk due to releases to the environment.  Simplot disputes such implication as it is not supported by the numerous studies overseen by EPA and IDEQ.

Response to Statement 13:

Simplot does not dispute this statement.

Response to Statement 14:

Simplot does not dispute this statement.

Response to Statement 15:

Simplot does not dispute this statement.

Response to Statement 16:

Simplot does not dispute this statement.

Response to Statement 17:

Simplot does not dispute this statement.

Response to Statement 18:

Simplot does not dispute this statement.

Response to Statement 19:

Simplot does not dispute the first sentence of the statement.  However, Simplot disputes the final sentence of the statement as it is too vague to enable the formulation of a meaningful response.

Response to Statement 20:

Simplot does not dispute this statement.

Response to Statement 21:

Simplot disputes the first sentence insofar as it characterizes the legislation as "circumventing" a court order.  Congress in its plenary authority over public lands may exempt federal actions from the National Environmental Policy Act.  Simplot does not dispute the remainder of this statement.

Response to Statement 22:

Simplot disputes that the FEIS was released on May 15, 2020, as BLM published the Notice of Availability ("NOA") for the FEIS on May 27, 2020, and EPA published its FEIS NOA on May 22, 2020.  ROD at 14 (AR0039182).  Simplot does not dispute the remainder of the statement.

Response to Statement 23:

Simplot does not dispute this statement, insofar as it is consistent with the documents cited, which speak for themselves and are the best evidence of their contents.  Simplot disputes this statement insofar as it is inconsistent with the documents cited.

Response to Statement 24:

Simplot disputes this statement insofar as it does not acknowledge the land exchange has already been completed.  Simplot owns the former federal lands.

Response to Statement 25:

Simplot disputes the final sentence and its characterization of increased contamination. Contaminants flowing through the groundwater from the FMC and Simplot Plant areas decline with increasing distance from the Plants and meet Maximum Concentration Levels (MCLs) in groundwater prior to discharging into the Portneuf River.  FEIS at H-17 (AR0029968).  Further, contaminants in groundwater are expected to decline despite the expansion of the Don Plant facility.  ROD at 5 (AR0039173).

Response to Statement 26:

Simplot disputes the first two sentences of this statement.  "The combination of the gypstack lining, the groundwater extraction system, and infrastructure improvements in the plant's production area are collectively resulting in improvements in water quality in the Portneuf River."  ROD at 16 (AR0039239).  Further, contaminants in groundwater are expected to decline despite the lateral expansion of the existing gypsum stack. ROD at 5 (AR0039173).  Simplot does not dispute the final sentence of this statement.


Respectfully submitted this 17th day of August 2022.

> s/ Steven B. Andersen
> Steven B. Andersen
> KIRTON AND MCCONKIE
> Stephen J. Odell
> MARTEN LAW, PLLC
> Thomas C. Perry, Senior Counsel
> J.R. SIMPLOT COMPANY
>
> Attorneys for Defendant-Intervenor J.R. Simplot Company