Paul C. Echo Hawk (ISB # 5802)  
ECHO HAWK LAW OFFICE  
P.O. Box 4166  
Pocatello, Idaho 83205  
Telephone: (208) 705-9503  
Facsimile: (208) 904-3878  
paul@echohawklaw.com

William F. Bacon, General Counsel (ISB # 2766)  
SHOSHONE-BANNOCK TRIBES  
P.O. Box 306  
Fort Hall, Idaho 83203  
Telephone: (208) 478-3822  
Facsimile: (208) 237-9736  
bbacon@sbtribes.com

Jill E. Grant (DCB #358306) (*pro hac vice*)  
Andrea E. Gelatt (CAB #262617) (*pro hac vice*)  
JILL GRANT & ASSOCIATES, LLC  
1319 F Street, NW  
Washington, D.C. 20004  
Telephone: (202) 821-1950  
Facsimile: (202) 459-9558  
jgrant@jillgrantlaw.com

*Attorneys for the Shoshone-Bannock Tribes*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION,<br><br>    Plaintiff,<br><br>V.<br><br>LAURA DANIEL-DAVIS, Principal Deputy Assistant Secretary for Land and Mineral Management, *et al.*,<br><br>    Defendants,<br><br>  and<br><br>J.R. SIMPLOT COMPANY,<br><br>    Defendant-Intervenor. | Case No. 4:20-cv-553-BLW<br><br>**PLAINTIFF SHOSHONE-BANNOCK TRIBES' BRIEF IN OPPOSITION TO DEFENDANT-INTERVENOR J.R. SIMPLOT COMPANY'S MOTION TO CERTIFY SUMMARY JUDGMENT MEMORANDUM DECISION & ORDER FOR INTERLOCUTORY APPEAL (ECF No. 94)** |

Plaintiff Shoshone-Bannock Tribes (Tribes) submit this brief in opposition to the Motion to Certify Summary Judgment Memorandum Decision & Order for Interlocutory Appeal (Motion) of Defendant-Intervenor J.R. Simplot Company (Simplot), ECF No. 94.

## INTRODUCTION

In its Order granting in part the Tribes' motion for summary judgment (SJ Order), the Court identified serious violations of law that took place during the land exchange at issue, including the federal government's breach of its trust responsibility due to violations of the Act of June 6, 1900, ch. 813, 31 Stat 672 (1900 Act), as well as violations of the Federal Land Policy and Management Act (FLPMA) and the National Environmental Policy Act (NEPA). Simplot seeks to postpone if not avoid the consequences of the Court's decision by pursuing an interlocutory appeal. The just course of action instead is for the Court to deny Simplot's Motion and determine an appropriate remedy addressing these violations. With the bulk of the Court's decision-making already completed, Simplot will not have to wait long to bring an appeal under the usual court procedures.

In any event, Simplot fails to carry its burden under 28 U.S.C. § 1292(b). Interlocutory appeals are not commonly granted and should not be granted here. Section 1292(b) is a limited exception to the finality rule governing appeals. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."). Interlocutory certification is a narrow exception to be applied sparingly and only in exceptional circumstances. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *McKinney v. Fisher*, No. CV-96-177SBLW, 2006 WL 1275130, at *1 (D. Idaho May 9, 2006) (Winmill, J.) (citing *In re Cement Antitrust Litig.*).

Simplot has not met its burden because it fails to satisfy the statutory factors under § 1292(b). The question Simplot identifies under FLPMA is not "a controlling question of law" but rather a mixed question of law and fact, and, for both the FLPMA question and the question under the 1900 Act, Simplot has not identified "substantial ground for difference of opinion" nor would "an immediate appeal materially advance the ultimate termination of the litigation."

Alternatively, even if the Court allows an interlocutory appeal, it should not grant a stay. Moreover, Simplot uses its motion as a pretext for seeking reconsideration of the Court's decision. Simplot rehashes arguments already rejected by the Court and, in several instances, submits new arguments on the merits. A motion to certify an interlocutory appeal is not the proper place for such arguments. The Court should decline to reconsider the merits.

## STATUTORY BACKGROUND

To justify a motion for interlocutory appeal under 28 U.S.C. § 1292(b), a movant has the burden of showing there is a controlling question of law, as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Courts mainly deny motions for interlocutory appeal. 16 Wright, Miller & Cooper § 3929 (3d ed.). "Routine resort to § 1292(b) requests would hardly comport with Congress's design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citations and quotations omitted). The legislative history of § 1292(b) indicates the process is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation[,] . . . not . . . merely to provide review of difficult rulings in hard cases." *U.S.*

*Rubber Co. v. Wright*, 359 F.2d 784, 784-85 (9th Cir. 1966) (footnotes omitted); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d at 1068 n.6 (§ 1292(b) certification is appropriate only in "rare circumstances"); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (§ 1292(b) "is to be applied sparingly and only in exceptional cases").

The determination of whether to certify an interlocutory appeal is left to the discretion of the district judge, relying on the criteria specified in the statute. *Schuler v. Battelle Energy All., LLC*, No. 4:18-CV-00234-CWD, 2019 WL 5295461, at *2 (D. Idaho Oct. 18, 2019) (citation and quotations omitted); 16 Wright, Miller & Cooper § 3929 (3d ed.) (citing cases). "As such, '[e]ven when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification.'" *Hilliard v. Twin Falls Cnty. Sheriff's Off.*, No. 1:18-CV-00550-CWD, 2023 WL 156822, at *2 (D. Idaho Jan. 11, 2023) (citations omitted) (collecting cases).

## ARGUMENT

### I. Simplot Fails To Justify an Interlocutory Appeal under Section 1292(b).

Simplot has identified two questions to certify to the Ninth Circuit for an interlocutory appeal, one under FLPMA and the other under the 1900 Act, but Simplot cannot meet its burden to show that the Section 1292(b) factors are met for either question. First, even if the 1900 Act claim presents a controlling question of law and not a mixed question of law and fact, *see infra* n.2, the question Simplot identifies under FLPMA most certainly is a mixed question of law and fact that is not appropriate for an interlocutory appeal. Moreover, for both the FLPMA and 1900 Act questions, Simplot has not identified substantial ground for a difference of opinion or shown that granting an appeal would materially advance the ultimate termination of the litigation.

## A. The FLPMA Question Simplot Seeks to Certify is Not a Controlling Question of Law.

Lower courts have explained that a controlling question of law for purposes of Section 1292(b) is a "pure question of law" rather than a mixed question of law and fact or the application of law to a particular set of facts. *See Hilliard v. Twin Falls Cnty. Sheriff's Off.*, 2023 WL 156822, at *3 (citations omitted); *see also Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1298 (M.D. Fla. 2012) (based on the complex litigation history between the parties, the issues raised in the motion for interlocutory appeal cannot be decided without reference to the record.)

The issue regarding FLPMA's equal value provisions that Simplot proposes for certification is a record-based question about whether FLPMA's requirements were satisfied by the appraisal conducted in this case. *See* Simplot Br. in Supp. of Mot. for Interlocutory Appeal (Simplot Br.), ECF No. 94-1, at 3-4.[1] In its Order, the Court applied FLPMA's valuation requirement, the valuation regulations, and settled Ninth Circuit precedent to evaluate the specific appraisal conducted here based on the information in the administrative record. Mem. Dec. &

---

[1] Simplot continues to claim that the Tribes belatedly raised their FLPMA equal-value claim because the Tribes "never timely and substantively challenged that [FLPMA-required] appraisal" through the administrative process. Simplot Br. at 3-4. The Tribes raised concerns with the appraisal and the equal value provision of FLPMA in their comments in the final environmental impact statement (FEIS), as well as in their summary judgment brief. AR0065174 (Tribes' Comments on FEIS) (raising concerns with the appraisal and explaining that "[v]aluations should include value of the land sought as being available for industrial use"); Tribes' Resp. to Cross-Mot. for Summ. J., ECF No. 74 at 24. Moreover, the equal value requirement is mandated by FLPMA and therefore compliance is required whether or not the issue was raised in the administrative process leading to the FLPMA Record of Decision (ROD). BLM was already aware of the need to comply with the equal value requirement, ROD at 7-8 (AR0039175-76), and so "there was no need for [the Tribes] to specifically raise the issue of FLPMA compliance." *Upper Green River All. v. BLM*, 598 F. Supp. 3d 1303, 1327 (D. Wyo. 2022).

Citations to the parties' briefs here and throughout this Opposition Brief are to the internal pagination and not the ECF system page stamp on the top of the page.

Order ("SJ Order"), ECF No. 89, at 22-29. The Court determined the appraisal did not consider the highest and best use of the property, namely, gypstack development, based on a review of the appraisal report, *id.* at 25, and information concerning Simplot's intended use of the land, *id.* at 28-29, and made fact-based findings such as "the comparables used in the appraisal are not actually comparable," *id.* at 28. The FLPMA issue is therefore not a controlling question of law. In addition, the record in this case is thousands of pages long. Asking two different Ninth Circuit panels to familiarize themselves with the record during an interlocutory appeal and then again upon appeal of a final order is an inefficient use of judicial resources. For those reasons, the FLPMA question Simplot identifies is not a proper basis for certification under Section 1292(b).

**B. There Is No Substantial Ground for a Difference of Opinion.**

Simplot's Motion also must be denied because neither the FLPMA question just discussed nor the Court's finding that Section 5 of the 1900 Act prohibits the land exchange, which is the second question Simplot identifies for certification, gives rise to a substantial ground for a difference of opinion under Section 1292(b).

Using long-established rules of statutory interpretation, the Court found a clear violation of the 1900 Act. Although the Court's interpretation may be a controlling question of law,[2] there is no substantial ground for a difference of opinion about it. Interpreting a treaty or a statute like the 1900 Act that is related to tribes and tribal activities is different from interpreting other types of statutes. For one thing, the 1900 Act ratifies the Agreement of February 5, 1898, a treaty addressing lands ceded by the Tribes, and clear congressional action is required to extinguish any rights contained in that treaty. *See* Tribes' Br. in Supp. Mot. for Summ. J., ECF No. 74 at 11. In

---

[2] Courts have held that treaty interpretations are a mixed question of law and fact. *See, e.g.*, *United States v. Washington*, 969 F. 2d 752, 754 (9th Cir. 1992) (citing *United States v. Lummi Indian Tribe*, 841 F.2d 317, 319 (9th Cir. 1988)).

addition, as the Court recognized, because the 1900 Act is related to tribes and tribal activities it must be construed in the Tribes' favor regardless of whether it is considered a treaty or a statute. SJ Order at 14-15. As the Court explained: "the standard principles of statutory construction do not have their usual force in cases involving Indian law." *Id.* at 13 (quoting *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 766 (1985)); *see also* Cohen's Handbook of Federal Indian Law § 2.02[1] (2019) ("The basic Indian law canons of construction require that treaties, agreements, statutes, and executive orders be liberally construed in favor of the Indians and that all ambiguities are to be resolved in their favor."). The Court found the Blackrock Land Exchange violated the 1900 Act based on the "clear" language of the statute and, in the alternative, found additional support for its conclusion based on the Indian canons of construction. SJ Order at 12-15.[3]

Simplot argues that even though the Court's 1900 Act holding was based on clear statutory language, there is "no obstacle" to certification under Section 1292(b). Simplot Br. at 15. The two cases Simplot relies on do not, however, consider in any depth the Section 1292(b) requirement that there be "substantial ground for difference of opinion." In addition, in those cases the courts concluded the statutes at issue were clear based on briefing presented early in the case, suggesting the finding of a "clear" statutory interpretation was not as thoroughly considered as it was here. For example, one court issued its decision on a motion to dismiss, *United States v. 594,464 Pounds of Salmon, More or Less*, 687 F. Supp. 525, 527–28 (W.D. Wash. 1987), *aff'd sub nom. United*

---

[3] Simplot also attempts to create a new canon of statutory construction and surprisingly suggests that, rather than applying the Indian canons of construction, the Court should have imposed a clear-statement rule when construing a statute in a manner that bars the Executive Branch from disposing of federal property. Simplot Br. at 13 ("Courts should require the utmost clarity from Congress before construing a statute to bar the Executive from disposing of federal property"). Simplot identifies no authority for this proposition and conveniently ignores the Indian canons of construction that would have applied if the Court had not reached its holding based on the clear statutory text.

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 6

*States v. 594,464 Pounds of Salmon*, 871 F.2d 824 (9th Cir. 1989), and the other when addressing service of the complaint, *Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991) (per curiam). Here, in contrast, the Court carefully and thoroughly considered the statutory language, applied well-settled principles of statutory interpretation, and reached its conclusion after full summary judgment briefing, further suggesting there is no substantial ground for a difference of opinion. As the Court stated, "There is no need to consult extratextual sources when the meaning of a statute's terms is clear. Nor may extratextual sources overcome those terms." SJ Order at 13 (quoting *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2469 (2020)). Simplot also fails to explain how any court could read FLPMA as repealing the 1900 Act when Congress explicitly repealed hundreds of laws when FLPMA was enacted but did not include the 1900 Act in the list of repealed laws. *Id.*

As for the FLPMA issue, the Court applied Ninth Circuit precedent to find that the BLM's appraisal for the Blackrock Land Exchange violated FLPMA's equal value requirements. SJ Order at 26-27. The Court's reliance on controlling Ninth Circuit precedent shows by itself there is no substantial ground for a difference of opinion. Simplot does not show the circuits are in dispute on this question or that the Ninth Circuit has not spoken. *See, e.g.*, *Planned Parenthood of Great Nw. & Hawaiian Islands*, 410 F. Supp. 3d 1108, 1111 (D. Idaho 2019) (Winmill, J.) (citing *Couch*, 611 F.3d at 633). Just because Simplot disagrees with the Court's decision and its application of the Ninth Circuit precedent to the case at hand does not mean Simplot has identified a controlling question of law for which there is a substantial ground for a difference of opinion. *See id.* at 1112 ("[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion.") (citing *Couch*, 611 F.3d at 633).

In addition, Simplot mischaracterizes the Court's holdings.[4] As to FLPMA, Simplot springboards off the Court's statement that "a gypstack is only valuable to Simplot," SJ Order at 27, to argue the Court "interpret[ed] FLPMA to make Simplot's intended use dispositive," Simplot Br. at 18, calling this a "subjective motivation" that is not "reasonably ascertainable." *Id.* The Tribes defer to the Court's interpretation of its own Order, but note Simplot completely ignores the Court's explanation that it relied not on Simplot's intended use alone – a use that was certainly "reasonably ascertainable" because Simplot "has stood by that plan for nearly 30 years," *id.* at 26 – but on the fact that Simplot's intended use "profoundly affects the most basic underpinnings of market value: supply and demand," *id.* at 28, and therefore "cannot be ignored," *id.* at 29. The Court concluded BLM's failure to consider these facts made the BLM "'willfully blind' to the potential value of the land involved in the Blackrock Land Exchange for gypstack use," *id.* (applying and quoting Ninth Circuit precedent). Thus, Simplot has manufactured a dispute based on its own mischaracterization of the summary judgment order.

For the 1900 Act claim, Simplot attempts to reargue the merits of the case, contending the tools of statutory interpretation and the Indian canons of construction do not apply. Simplot Br. at 5-16. Simplot does not provide a contrary court opinion, but instead relies on the dearth of case law to claim a substantial ground for a difference of opinion, even though courts have held an absence of case law is not dispositive under Section 1292(b). As the Ninth Circuit explained:

---

[4] Simplot also mistakenly cites a case as granting certification when in fact the court denied it. *See* Simplot Br. at 14 n.3 (stating that the Court in *North v. Superior Hauling & Fast Transit, Inc.*, granted certification). *But see North v. Superior Hauling & Fast Transit, Inc.*, No. EDCV182564JGBKKX, 2019 WL 6794211 at *2-*3 (C.D. Cal. July 10, 2019) (finding a controlling question of law for which there is "some grounds for a difference of opinion on this question" but denying certification because the case did not present "exceptional circumstances" and because the movant did not show that granting an interlocutory appeal would materially advance the litigation).

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 8

> Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (footnotes omitted).

*Couch*, 611 F.3d at 633; *accord Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 645-46 (8th Cir. 2008) (per curiam) (a "dearth of cases" does not give rise to a substantial ground for difference of opinion) (citation omitted). Although the movant need not point to a case directly conflicting with a court's ruling to show substantial ground for a difference of opinion, *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), just because a court is "the first to rule on the precise question" does not mean the question creates a substantial ground for a difference of opinion. *Planned Parenthood*, 410 F. Supp. 3d at 1113.[5]

With respect to both the 1900 Act and FLPMA, Simplot does not identify a question for which there is a substantial ground for difference of opinion but instead reargues the merits of its summary judgment motion and makes clear its disagreement with the Court. These tactics do not satisfy Section 1292(b).

---

[5] Simplot cites an earlier decision by this Court that finds a substantial ground for a difference of opinion, in part because "case law applying [a then-recently decided Supreme Court decision] to such cases [with a factual scenario similar to the one at issue] is sparse." *McKinney v. Fisher*, No. CV-96-177SBLW, 2006 WL 1275130, at *1 (D. Idaho May 9, 2006). The *McKinney* decision, however, also stated that the applicable law was "unsettled." *Id.* Moreover, consistent with the Ninth Circuit's holding in *Couch v. Telescope, Inc.*, the *McKinney* decision did not state that a dearth of caselaw *compels* a finding that there is a substantial ground for a difference of opinion. The Court's holdings here are distinguishable from the issues presented in *McKinney* because, for both the 1900 Act and FLPMA questions at issue, the Court applied settled law.

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 9

**C. Granting Simplot's Petition Does Not Materially Advance Termination of the Litigation.**

If there is no substantial ground of difference of opinion on a controlling question of law, a motion for certification under Section 1292(b) may be denied without considering the third factor under Section 1292(b): the material advancement of the ultimate termination of the litigation. *Planned Parenthood*, 410 F. Supp. 3d at 1113. Thus, as discussed above, there is already basis for the Court to deny Simplot's Motion. Nonetheless, if the Court looks further, Simplot also fails to carry its burden to show an interlocutory appeal would materially advance the litigation. Instead, an interlocutory appeal at this stage would continue the ongoing harm to the Tribes.

As noted above, the Court found a breach of the federal government's trust responsibility to the Tribes as well as other violations of federal law. Allowing an interlocutory appeal would not materially advance the litigation but, rather, would allow these recognized harms to continue. SJ Order at 16 ("BLM's decision to approve the Blackrock Land Exchange is therefore "not in accordance with law" in violation of the APA and represents a breach of the federal government's trust responsibility to the Tribes.");[6] *id.* ("[The 1900 Act] has a plain, clear meaning that is inconvenient for Simplot and BLM. But the Court cannot and will not rewrite the statute. Section 5 says what it says. The Blackrock Land Exchange violated the Act.").

An interlocutory appeal would not materially advance this litigation. Simplot's arguments to the contrary depend on the Ninth Circuit reversing the Court. *See* Simplot Br. at 4-5, 20. If the Court delays issuing a remedy until after a Ninth Circuit interlocutory appeal, and the Ninth Circuit affirms either or both of the Court's holdings on the two questions at issue, then after a likely

---

[6] In Simplot's Proposed Remedies Framework and Schedule, Simplot stated that, for a breach of trust, "the only available remedy lies in a different court," the Court of Federal Claims. ECF No. 92 at 4. The remedy for this breach of trust is not in the Court of Federal Claims, as the Tribes do not seek monetary claims. *See* 28 U.S.C. §§ 1491, 1505.

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 10

years-long delay to allow the appellate court to issue its opinion the parties will still need to fully brief and argue remedy.[7]

Simplot also claims, "if the Court of Appeals were to affirm both of those holdings, the need for and scope of remedial issues would be clarified." Simplot Br. at 5. But the Court has already identified the legal wrongs for which it should enter a remedy.

"The standard to certify a question of law is high and a district court generally should not permit such an appeal where it 'would prolong the litigation rather than advance its resolution.'" *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008) (quoting *Syufy Enter. v. Am. Multi-Cinema, Inc.*, 694 F. Supp. 725, 729 (N.D. Cal. 1988)). As a sister court stated:

> If the court granted an interlocutory appeal, not only would the case incur the delay of that appeal, a second appeal as to [the remedy] would possibly result if this court's decision is affirmed. The [plaintiffs] would thus be prejudiced in having to incur substantial delay from two appeals before receiving [what] the [the statute] entitles them to receive.

*Norton v. Maximus Inc.*, No. 1:14-30 WBS, 2016 WL 6246411, at *5 (D. Idaho Sept. 2, 2016). The very same situation would apply here because Simplot is primed to appeal whatever remedy order the Court enters. *See* Simplot Br. at 1-2 (explaining that the Ninth Circuit will review the Court's summary judgment order along with a subsequent remedy order "in any event," so the

---

[7] It also does not materially advance the litigation if the Ninth Circuit affirms only one of the questions Simplot seeks to certify because vacatur is appropriate for both the 1900 Act claim and the FLPMA equal value argument, as Simplot appears to recognize. Simplot Br. at 19-20. BLM cannot remedy any legal violations related to the 1900 Act claim during a remand, making vacatur the appropriate remedy. And this Court's FLPMA equal value holding also justifies vacatur of the documents authorizing the land exchange as well as other remedies because it is impossible for BLM to comply with FLPMA's valuation requirements for the land exchange. *See* 43 C.F.R. § 2201.5(a)(2) (providing that the value of federal lands cannot exceed $150,000; *id.* § 2201.6(b) (providing that cash equalization cannot exceed 25% of value of federal lands.) *Compare* Simplot Br. at 4-5.

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 11

relevant question is when, not if, appeals to the Ninth Circuit will happen). Simplot's proposed timing for the appeal denies the Tribes any remedy for several years and may allow Simplot to continue to develop the land despite BLM's breach of the federal government's trust obligations.[8]

Moreover, regardless of the Ninth Circuit's decision on a hypothetical interlocutory appeal, the ROD would still need to be remanded to the BLM to consider the NEPA issue and remaining FLPMA issues, which – being matters that depend on a review of the voluminous administrative record – are not suitable for interlocutory appeal in the first place.[9] Therefore, regardless of the outcome of an interlocutory appeal, remedy proceedings would need to be conducted and an interlocutory appeal could delay those proceedings.

By the time the Ninth Circuit issued a decision on an interlocutory appeal, this Court certainly could have issued its remedy decision and ended the case. Even if Simplot appeals the final decision, given delays at the Ninth Circuit and this Court's familiarity with the issues in this case, it is unlikely that waiting for that decision would be slower than an interlocutory appeal

---

[8] Simplot may be seeking an end run against Ninth Circuit precedent that, based on the finality rule, forbids appeals from a non-governmental litigant when the court vacates an unlawful agency action and orders a remand to the agency for further consideration. The Ninth Circuit has stated that "remand orders generally are not 'final decisions' for purposes of [28 U.S.C. §] 1291." *Alsea Valley All. v. Dep't of Com.*, 358 F.3d 1181, 1184 (9th Cir. 2004) (quoting *Chugach Alaska Corp. v. Lujan*, 915 F.2d 454, 457 (9th Cir. 1990)). Thus, if the Court proceeds to order vacatur and remand the matter to the BLM to attempt to address the violations of law the Court has already found and the government declines to appeal, Simplot may not be able to appeal those issues. However, if this Court and the Ninth Circuit certify an interlocutory appeal, then Simplot may be able to do so.

[9] Other courts have decided to certify an interlocutory appeal in part because an interlocutory appeal was likely to be the only opportunity for an appellate court to address the issue before a settlement was reached in the case, thereby ending the litigation in the district court. *See In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374, 394 (S.D.N.Y. 2019) ("Admittedly, had the questions decided by the Court arisen in the context of simpler, more conventional [non-multi-district] litigation, the Court would not have found the need for immediate appeal as pressing."). That is not the case here. All issues in the Court's summary judgment order will eventually reach the Ninth Circuit.

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 12

followed by an appeal of the remedy, and indeed it may be appreciably faster. As this Court recognized when denying a motion for certification in another case, district courts retain significant authority "to secure the just, speedy, and inexpensive determination" of litigation and can shape the proceedings to materially advance the litigation absent an interlocutory appeal. *Planned Parenthood*, 410 F. Supp. 3d at 1113. For those reasons, and because Simplot has not shown that granting an interlocutory appeal at this late stage of the litigation would materially advance the termination of the litigation, the Court should deny Simplot's petition and vacate the land exchange.

**D. A Petition for Certification of an Interlocutory Appeal Is Not the Proper Vehicle for Rearguing the Merits.**

Simplot also uses its Motion to belatedly urge new arguments and restate old ones, suggesting that the questions it identifies in its petition for certification do not present exceptional circumstances meriting an interlocutory appeal but rather its petition serves as a vehicle for seeking reconsideration. This tactic is an inappropriate use of the certification process.

A motion for leave to file an interlocutory appeal is not the proper vehicle for seeking reconsideration. *See, e.g., Madura.*, 851 F. Supp. 2d at 1299 n.2; *North v. Superior Hauling & Fast Transit, Inc.*, No. EDCV182564JGBKKX, 2019 WL 6794211, at *3 (C.D. Cal. July 10, 2019) ("Much of the argument and authority presented [] in support of its motion [] were absent from its briefing in support of its motion for judgment on the pleadings."). In support of its Motion, Simplot makes new arguments about the word "only," but they did not appear in its summary judgment briefing and should be rejected as new arguments that could have been made earlier. Simplot presents alternative interpretations of the word "only" while conveniently ignoring the rule of statutory construction that repeals by implication are disfavored, as well as the Indian canon of statutory construction that statutes in treaty and non-treaty matters should be "construed liberally"

in favor of the Indians. *See* Tribes' Br. in Supp. Mot. for Summ. J., ECF No. 74 at 9-10. The terms of Section 5 of the 1900 Act are clear and unambiguous, and if Congress had wanted FLPMA to repeal the 1900 Act it would have said so, just as it did when it repealed more than 200 statutes and other acts of Congress when it approved FLPMA in 1976. *Id.* at 8.

As a general matter, even a motion for reconsideration is not a proper vehicle for parties to make new arguments that could have been raised in their original briefs. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Willis v. Mullins*, 809 F. Supp. 2d 1227, 1233 (E.D. Cal. 2011) (citing *Zimmerman*, 255 F.3d at 740). Although Simplot's brief in support of its Motion reads in part like a motion for reconsideration, it did not file such a motion with its petition.[10] Several of Simplot's arguments simply rehash its own or Federal Defendants' summary judgment briefs. *See*, *e.g.*, Simplot Br. at 7-8 (reiterating Federal Defendants' arguments that the 1900 Act identifies "categories" of statutes); *id.* at 9 (citing Simplot's summary judgment brief and discussing statutory authorities cited in that brief); *id.* at 11 (discussing and quoting Federal Defendants' summary judgment briefs); *id.* at 18 (bolstering BLM's appraisal under FLPMA based on citations to one of Federal Defendants' summary judgment briefs).

For these additional reasons, Simplot's Motion should be denied.

## II.   If the Court Grants Simplot's Petition, It Should Deny a Stay.

Simplot does not move the court for a stay of proceedings under Section 1292(b). On that basis, and, further, because Simplot bears the burden under Section 1292(b), no stay should be entered. Stays are discretionary with the court and not automatically entered when an interlocutory appeal is certified. 28 U.S.C. § 1292(b) ("Provided, however, That application for an appeal

---

[10] Simplot could not in any event have satisfied the high standard for motions for reconsideration or identified any new evidence, mistake, fraud, or new arguments that could not have been made in its summary judgment filings. *See* Fed. R. Civ. P. 54(b), 59(e) & 60(b).

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 14

hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.").

Absent a stay, the district court may pursue the case through to final judgment. 16 Wright, Miller & Cooper § 3929 (3d ed.). Here, the equities weigh strongly against a stay for the reasons already discussed, namely, this Court has found serious violations of law causing the Tribes ongoing harm and allowing these violations to continue without redress would be inequitable.[11]

Other cases allowing an interlocutory appeal have denied a stay because the plaintiffs in those cases, like the Tribes, had important legal rights that the defendants had violated. In weighing whether to grant a stay, courts balance the plaintiff's important rights against the administrative costs of formulating a remedy to address them. *See, e.g.*, *Reed v. Rhodes*, 549 F.2d 1050, 1052 (6th Cir. 1976) ("In school desegregation cases, the value of the constitutional rights to be protected far outweighs administrative costs that might be incurred in formulating a remedy. The lower court proceedings such as those contemplated here should continue.").[12] *See also In re Air*

---

[11] Simplot states in its brief that the Tribes did not "timely move[] for" an injunction. Simplot Br. at 6. In its Complaint, the Tribes asked for "an immediate and permanent injunction from proceeding with the land exchange." Compl. § IX.C, ECF No. 1. The Tribes did not seek a preliminary injunction in the case but rather negotiated a briefing schedule to bring the issues in a timely manner before the Court. In addition, in the Court's June 2022 order granting a motion for extension of time, it stated that it would not consider any activities on the exchanged lands after June 13, 2022, in response to an argument that the land exchange should be upheld based on completion of work on the property and required Simplot to give 30-days' notice of any "work on the property." Order, ECF No. 44 at 3. That Simplot chose to proceed with work on the property and regulatory activities in furtherance of a gypstack expansion—despite the Tribes' longstanding unwavering opposition to the Blackrock Land Exchange—should not weigh in favor of denying the Tribes a just remedy. Nor should Simplot be rewarded for continuing to work on the property and for seeking additional regulatory approvals, despite a second court opinion holding that the Blackrock Land Exchange was unlawfully completed.

[12] In Simplot's Proposed Remedies Framework and Schedule, Simplot stated that there is a "lack of imminent harm to the Tribes" from the Blackrock Land Exchange. ECF No. 92 at 3. Simplot conveniently ignores the ongoing breach of the federal government's trust obligation as well as the ongoing deprivation of the Tribes' rights to use the formerly federal lands for off-reservation treaty rights exercise and the other harms discussed in the text here.

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 15

*crash Disaster at John F. Kennedy Int'l Airport on Jun 24, 1975*, 479 F. Supp. 1118, 1129 (E.D.N.Y. 1978) (allowing damages trials to continue while certifying questions of liability in the interests of justice and the "expeditious termination of the litigation"); *Powell v. Nat'l Football League*, 711 F. Supp. 959, 961–62 (D. Minn. 1989) (denying a stay of litigation surrounding collective bargaining over salaries because of the "potential harm to plaintiffs in further delaying resolution of [their] claims weighed against the benefit by awaiting the Court of Appeals' decision").[13]

The Tribes will suffer ongoing harm if the Court delays remedy proceedings until after the Ninth Circuit decides an interlocutory appeal. This case involves a land exchange implicating the cleanup of a Superfund site with longstanding unlawful and extensive contamination, as all parties recognize. SJ Order at 3-5 (detailing the listing of the site and the relevant consent orders). Allowing the gypstack to expand onto the formerly federal lands will allow ongoing harm to the Tribes in terms of continued groundwater contamination and the expansion of a disposal site near the Tribes' Reservation. The land exchange has already deprived the Tribes of opportunities for their exercise of off-reservation treaty rights in nearby areas with longstanding historical and cultural importance to the Tribes.[14] The longer the land remains with Simplot the longer these harms continue.

In sum, it would be inequitable to allow Simplot to continue seeking permits and approvals and conduct work on the ground to develop the formerly federal parcel while an interlocutory

---

[13] District courts have entered remedy orders even after the merits of a summary judgment decision are appealed. *See, e.g.*, *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1097 (9th Cir. 2016) (declining to take jurisdiction over an injunction even though the court found that the government's premature notice of appeal ripened when the injunction was entered).

[14] *See* SJ Order at 44 n.13 (there is a "a real possibility that additional burial sites are located in the area."); AR0039172 (ROD), AR0029618 (FEIS) (acknowledging that the land exchange would negatively affect the Tribes' historical and cultural uses of the lands).

TRIBES' OPPOSITION TO SIMPLOT'S MOTION FOR INTERLOCUTORY APPEAL - 16

appeal of unknown duration proceeds through the Ninth Circuit. The Court should, regardless of its decision on an interlocutory appeal, decline to grant a stay and proceed to issue a remedial order in this case.

**CONCLUSION**

For the foregoing reasons, the Court should deny Simplot's Motion to Certify Summary Judgment Memorandum Decision & Order for Interlocutory Appeal and proceed to order a briefing schedule for remedy proceedings in this case. The Tribes are committed to expeditiously briefing the remedy in this case and will work diligently with the other parties to agree to a remedy schedule allowing the Court to decide the remaining issues in the case in a timely manner.

Respectfully submitted,

*/s/ Paul C. Echo Hawk*
Paul C. Echo Hawk

*/s/ Jill E. Grant*
Jill Elise Grant

*Attorneys for the Shoshone-Bannock Tribes*